OPINION
{¶ 1} Defendant-appellant, Kimberly Clutter, appeals from an East Liverpool Municipal Court decision convicting her of criminal mischief, following a bench trial.
 {¶ 2} This case has its origins as a property dispute and family feud. Nila Farnsworth was married to William Farnsworth from 1997 until William died in November 2001. Nila and William lived at 16587 Glenn Street in St. Clair Township. Nila's minor granddaughters, Misty, Holly, and Chris Lynn, lived with the couple, as did William's adult children Angela and Billy. Appellant is William's ex-wife and Angela's and Billy's mother.
 {¶ 3} After William's death, a dispute arose over who owned the Glenn Street house. The record is not completely clear, but it appears that William may have had a land contract to buy the house. Nila characterized it as a rental agreement with the option to buy. (Tr. 54). According to Nila, the house was sold to William's nephew. (Tr. 55). Appellant stated that she and Angela purchased the house from William's nephew. (Tr. 65). Appellant claimed that after she bought the house, she asked Nila to leave. (Tr. 66). Nila filed a civil action against appellant to stop the sale of the house. (Tr. 66-67). Appellant counterclaimed to evict Nila. (Tr. 67). At the time the offense took place and at the time of trial, it was unclear who owned the property as the civil action was still pending in Columbiana County Common Pleas Court.
 {¶ 4} On March 10, 2003, 15-year-old Misty returned home from school to the Glenn Street home to find that the front door had been boarded shut. (Tr. 5-6). She could not get in the house, so she went to her bedroom window and saw appellant in the house. (Tr. 6). She asked appellant to let her in the house and appellant refused, so Misty kicked in her bedroom window to get in. (Tr. 8). Misty noticed that many of her belongings, along with those of her sisters' and grandmother's, had been put outside on the back porch and on the side of the house. (Tr. 9).
 {¶ 5} Appellant and Angela admitted to removing Nila's and her granddaughters' belongings from the house. (Tr. 78, 89). Angela stated that they removed the belongings in order to evict Nila. (Tr. 89). Appellant admitted that no one gave her permission to do so. (Tr. 78). She further testified that she had an attorney and was in the process of getting Nila evicted. (Tr. 82). Finally, appellant stated that she had to take matters into her own hands. (Tr. 83).
 {¶ 6} On March 12, 2003, appellant was charged with criminal mischief, a third degree misdemeanor in violation of R.C.2909.07. She proceeded to a bench trial on May 13, 2003. The court found appellant guilty and sentenced her to 60 days in jail, 57 suspended; a $100 fine; and two years of unsupervised probation.
 {¶ 7} Appellant filed a timely notice of appeal on May 15, 2003. On appellant's request, the trial court stayed her sentence pending this appeal.
 {¶ 8} Appellant raises three assignments of error, the first of which states:
 {¶ 9} "THE TRIAL COURT ERRED IN FINDING DEFENDANT GUILTY OF CRIMINAL MISCHIEF AS THE EVIDENCE INTRODUCED BY THE STATE WAS INSUFFICIENT."
 {¶ 10} Appellant argues that the evidence demonstrated that Nila lived at the Glenn Street property without a lease. She claims that she and her daughter, Angela, own the property. Appellant claims that she removed Nila's and her grandchildren's property because of events that occurred over the previous weekend. Specifically, appellant alleges that Nila assaulted Angela.
 {¶ 11} Plaintiff-appellee, the State of Ohio, points out that at trial, appellant failed to move for acquittal pursuant to Crim.R. 29. But this failure does not waive appellant's right to raise a sufficiency of the evidence argument on appeal. State v.Jones (2001), 91 Ohio St.3d 335; State v. Carter (1992),64 Ohio St.3d 218, 223; State v. Casto, 4th Dist. No. 01CA25, 2002-Ohio-6255. Appellant's "not guilty" plea preserved her right to object to insufficient evidence. Jones,91 Ohio St.3d at 346. And even if appellant's plea did not preserve her argument, a conviction based on insufficient evidence typically constitutes plain error. State v. Miller, 6th Dist. No. WD-02-040,2003-Ohio-4221, at ¶ 57.
 {¶ 12} Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support a verdict.State v. Smith (1997), 80 Ohio St.3d 89, 113. In essence, sufficiency is a test of adequacy. State v. Thompkins (1997),78 Ohio St.3d 380, 386. Whether the evidence is legally sufficient to sustain a verdict is a question of law. Id. In reviewing the record for sufficiency, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.Smith, 80 Ohio St.3d at 113.
 {¶ 13} Appellant was convicted under R.C. 2909.07(A)(1), which provides:
 {¶ 14} "(A) No person shall:
 {¶ 15} "(1) Without privilege to do so, knowingly move, deface, damage, destroy, or otherwise improperly tamper with the property of another."
 {¶ 16} The evidence at trial supports the essential elements of criminal mischief. Appellee had to prove that appellant (1) knowingly; (2) moved, defaced, damaged, destroyed, or improperly tampered with; (3) another's property; (4) without privilege to do so.
 {¶ 17} There is no question that appellant acted knowingly in removing Nila's and her granddaughters' belongings from the house. Appellant testified that she removed items from the Glenn Street house that did not belong to her. (Tr. 78). She also testified that no one gave her permission to do so. (Tr. 78). When asked whether she had authority to remove the items from the house, appellant responded, "I may have not had authority, but I am a mother, and I — regardless of how old they are, I have the right in that home, as a home owner, to remove trash, or anything else out of that home." (Tr. 82). Furthermore, Nila, Misty, Holly, and Chris Lynn all testified that some of their belongings had been lost or damaged when appellant removed them from the home. (Tr. 12, 24, 43, 52). They also testified that they did not give appellant consent to remove their things. (Tr. 19, 23, 44, 51).
 {¶ 18} Additionally, whether there was some sort of altercation between Nila and Angela that made appellant feel she had to remove the items from the house to force Nila out is irrelevant. Furthermore, whether appellant owned the house or not, which we do not know, she did not have the right to remove the belongings and leave them outside. Appellant testified that there was a lawsuit pending between herself and Nila regarding ownership of the home and eviction. (Tr. 65-67). She also testified she was represented by an attorney in that matter. (Tr. 82-84). She stated that her attorney did not advise her to take matters into her own hands, but she did so anyway. (Tr. 83-84). Thus, appellant acted without privilege in removing the items from the home.
 {¶ 19} When viewed in the light most favorable to the prosecution, the evidence was sufficient to support appellant's conviction. Accordingly, appellant's first assignment of error is without merit.
 {¶ 20} Appellant's second assignment of error states:
 {¶ 21} "THE TRIAL COURT ERRED IN NOT REQUIRING THE STATE TO PROVE DEFENDANT'S GUILT BEYOND A REASONABLE DOUBT AS TO EACH AND EVERY ALLEGATION OF THE OFFENSE."
 {¶ 22} Appellant claims that appellee failed to prove that she acted without privilege as is required by R.C. 2909.07(A)(1). She claims she acted with privilege because Nila was illegally occupying the property. Appellant claims appellee would have had to prove that Nila had a right to occupy the premises in order to show that appellant did not have privilege to remove Nila's belongings from the house.
 {¶ 23} "Privilege" is "an immunity, license, or right conferred by law, bestowed by express or implied grant, arising out of status, position, office, or relationship, or growing out of necessity." R.C. 2901.01(A)(12). Appellant claims she acted with privilege in this case because she was the owner of property, which Nila was illegally occupying.
 {¶ 24} First, as stated above, we do not know who owned the Glenn Street home. The home's ownership was subject to a lawsuit at the time of appellant's offense. Thus, we cannot conclude that Nila was illegally occupying a house appellant owned. Second, even assuming appellant was the home's lawful owner, she still did not have a privilege to remove Nila's and her granddaughters' property, damaging some and losing some. Appellant should have gone through the proper legal procedure to evict Nila. Thus, appellant's second assignment of error is without merit.
 {¶ 25} Appellant's third assignment of error states:
 {¶ 26} "THE TRIAL COURT ERRED IN EXCLUDING DEFENDANT'S TESTIMONY REGARDING HER AFFIRMATIVE DEFENSE OF NECESSITY, OR IN THE ALTERNATIVE, ERRED IN NOT REQUIRING THE STATE TO PROVE THE MATERIAL ELEMENT OF LACK OF NECESSITY."
 {¶ 27} Appellant claims the court should have allowed her to testify regarding an alleged altercation between Nila and Angela, which she claims precipitated her actions of removing the property from the house. She claims that this evidence would have supported her defense of necessity. Alternatively, she claims that appellee failed to prove she did not act without privilege because privilege includes a right growing out of necessity. She claims appellee was required to prove that she acted without necessity. She claims the need to protect her daughter's safety was a necessity here.
 {¶ 28} The admission or exclusion of evidence is within the trial court's discretion. State v. Sage (1987),31 Ohio St.3d 173, 180. Thus, we will not reverse the trial court's decision absent an abuse of discretion. Abuse of discretion requires more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. State v.Clark (1994), 71 Ohio St.3d 466, 470.
 {¶ 29} "Relevant evidence" is any "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. Generally, relevant evidence is admissible, while irrelevant evidence is not. Evid.R. 402.
 {¶ 30} On direct examination, appellant began to testify regarding events that occurred on March 8, 2003, two days before she removed the property from the home. She stated that there had been an argument between her, Nila, Nila's granddaughters, and Angela. (Tr. 69-70). Appellee objected to this line of questioning as irrelevant and the court sustained the objection. (Tr. 70-71). Appellant claims she wanted to introduce evidence that Nila assaulted Angela and this led to her decision to remove the property from the house.
 {¶ 31} The trial court did not abuse its discretion in excluding this evidence as irrelevant. The above evidence is not germane to whether appellant knowingly removed and damaged the others' property without privilege to do so. While appellant claims she acted out of necessity, the defense of necessity would not exist for her even if Nila did assault Angela.
 {¶ 32} "The defense of necessity excuses criminal acts when the harm which results from compliance with the law is greater than that which results from a violation of the law. See LaFave 
Scott, Criminal Law (1972) 381, Section 50. Furthermore, necessity is not a defense if alternatives to the criminal act existed. See Cleveland v. Sabo (May 14, 1981), Cuyahoga App. Nos. 41999 and 42004, unreported, at 6-7." Cleveland v.Sundermeier (1989), 48 Ohio App.3d 204, 207.
 {¶ 33} Clearly, there were alternatives to removing the property from the house and damaging it. If appellant really believed Angela was not safe at the house with Nila, she could have simply asked Angela to move out until the civil lawsuit was settled determining who owned the house. Furthermore, Angela was an adult. Appellant should not have removed the property from the house under the pretext of protecting Angela.
 {¶ 34} Additionally, as explained above, appellee presented sufficient evidence on all elements of criminal mischief to support appellant's conviction, including that appellant acted without privilege.
 {¶ 35} Hence, appellant's third assignment of error is without merit.
 {¶ 36} For the reasons stated above, the trial court's decision is hereby affirmed.
Judgment affirmed.
Waite, P.J., and DeGenaro, J. concur.