The STATE of Ohio, Appellee,

v.

PEPIN–McCAFFREY, Appellant.

[Cite as *State v. Pepin–McCaffrey*, 186 Ohio App.3d 548, 2010-Ohio-617.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 09 MA 29.

Decided Feb. 18, 2010.

550

Paul Gains, Mahoning County Prosecuting Attorney, and Ralph Rivera, Assistant Prosecuting Attorney, for appellee.

James S. Gentile, for appellant.

---

VUKOVICH, Presiding Judge.

{¶ 1} Defendant-appellant Chantal Pepin–McCaffrey appeals after Mahoning County Court No. 4 found her guilty of domestic violence. Besides raising issues concerning sufficiency and weight of the evidence, appellant also contends that the trial court improperly believed that the affirmative defense of self-defense was not available to a defendant who had not filed pretrial notice with the state regarding that defense. Because the trial court sustained the state's objection on this improper basis and prematurely opined that appellant could not establish self-defense, appellant's conviction is reversed, and this case is remanded for a new trial.

## STATEMENT OF THE CASE

{¶ 2} On October 28, 2008, Stephen McCaffrey called 9-1-1 and reported to Austintown police officers that his wife, appellant, punched him in the groin while he was trying to descend the stairway. Appellant, who appeared very upset and intoxicated, admitted to police that this was true, but she claimed that McCaffrey had kicked the dog, to which he responded that he had merely moved the dog with his foot. She also stated that she grabbed her husband to defend herself. Appellant was arrested for domestic violence.

{¶ 3} At a trial to the bench, the defense questioned the officer as to whether he was concerned about a possible language barrier as appellant is French Canadian. He noted that he had responded to calls at this residence before, that appellant is intelligent and articulate, and that he was not concerned with any language barrier.

{¶ 4} McCaffrey testified that his wife came home intoxicated and that she accepted more to drink from him. When he went upstairs to say goodnight to their children, appellant blocked his path from the children's bedroom and accused him of stealing her keys. Their daughter searched his pockets and did not find appellant's keys. He testified that as they began to descend the stairs, appellant stopped in front of him, blocking his descent, and made more accusations about her keys. McCaffrey stated that appellant's small dog was moving around behind him, and he pushed it with his foot so he could move back.

{¶ 5} Appellant then yelled that McCaffrey had kicked the dog, at which point McCaffrey turned around. He testified that appellant then punched him in the groin from where she was standing two steps below him. He stated that he doubled over, and appellant stepped aside, at which point he called 9–1–1.

{¶ 6} Many of the words exchanged could be heard on a digital recorder that appellant wore that night and that was played on the record. For instance, appellant can be heard demanding her keys even after their daughter searched her father's pockets and found no keys. After McCaffrey told his children that he loved them, appellant told their children that their father does not love them. At that point, an argument ensued over whether appellant had kicked the dog. It seems that McCaffrey stated, "I didn't kick the dog. This is kicking the dog." McCaffrey testified after listening to the recorder, that he did not hear anything that sounded like physical contact. However, a striking sound is discernible after his statement about kicking the dog but before he told his children, "She just hit me."

{¶ 7} Appellant testified that she had not been drinking until her husband served her two or three shots of vodka. She suggested that he may have put something in her drink. She claimed that she was not in front of him or blocking

his way on the stairs. She said that he had started kicking the dog while turning her way, so she pushed him away, noting that they were in a close space and stating that she was afraid of him.

{¶ 8} Appellant testified that she did not know what "groin" meant when she admitted to police that she did what she was accused of doing. She also testified that she did not punch him and that she believed that "strike" could include "push." She denied that she was trying to hurt him when she pushed him and urged that if a man had been punched in the groin, he would have made a sound of pain that could be heard on the tape recorder. She contested the elements of knowingly causing or attempting to cause physical harm, and she attempted to raise the affirmative defenses of self-defense and defense of her dog.

{¶ 9} The court found appellant guilty of domestic violence. The court sentenced her to 180 days in jail, but the sentence was suspended on the condition of successful completion of one year of community control, an anger-management class, and an alcohol assessment. This timely appeal followed.

## ASSIGNMENT OF ERROR NO. ONE

{¶ 10} Appellant sets forth three assignments of error, the first of which provides:

{¶ 11} "The state and the court denied defendant a fair trial and due process of law by requiring that a notice of self-defense be filed."

{¶ 12} McCaffrey testified first. During his cross-examination, the defense asked him about prior acts or accusations of domestic violence. This assignment of error is based upon the following discussion:

{¶ 13} "[Defense Counsel]: And that you had a domestic violence—

{¶ 14} "[Prosecutor]: Your Honor, I'm going to object. There has been no filing of any affirmative defense in this case of self-defense.

{¶ 15} "[Judge]: Is that what you're alleging? I don't know where you're going, but—

{¶ 16} "[Defense Counsel]: It is self defense, Your Honor.

{¶ 17} "[Prosecutor]: No.

{¶ 18} "[Judge]: I mean I'm going to sustain the objection just based on the recording I heard. I don't know how you're raising that as a defense. But you can ask another question.

{¶ 19} "[Defense Counsel]: As far as not asking about the prior domestic violence to ask—

{¶ 20} "[Judge]: Yeah, I'm saying, I don't know anything about it, just for the record. Is there something—

{¶ 21} "[Prosecutor]: The State is not aware of a prior domestic violence conviction.

{¶ 22} "[Defense Counsel]: But you did in fact have a conviction out of the State of Michigan against your wife; is that correct? Is that correct?

{¶ 23} "A: Yes.

{¶ 24} "Q: And in July of this past year your wife had filed a domestic violence against you in this very same court; is that correct?

{¶ 25} "A: Filed, yes.

{¶ 26} "Q: And then she dismissed it?

{¶ 27} "A: I don't know if it was dismissed. It was reduced to disorderly conduct. The complaint was never signed, as far as I know; I'm understanding.

{¶ 28} "Q: And was there also another case against you for harming her in 2002 in Mahoning County?

{¶ 29} "[Prosecutor]: Your Honor, I'm going to object. There has been no affirmative—

{¶ 30} "[Judge]: I mean, I just don't see how you're going to substantiate the recording that we heard—there's—I don't know how you're going to present that defense.

{¶ 31} "[Prosecutor]: They have to give us notice as an affirmative defense. And then they, by doing that they admit that they committed the act.

{¶ 32} "[Judge]: I'm going to present your position here. Because that's what the affirmative defense does, you do admit that the act occurred and that your client committed the act. [Defense counsel then asked for a recess after which she questioned Mr. McCaffrey on other subjects]."

{¶ 33} As the state concedes on appeal, the prosecutor's grounds for objecting were incorrect. There is no law or rule requiring a criminal defendant to provide notice of the affirmative defense of self-defense or defense of property. *State v. Orban* (Dec. 31, 1985), 11th Dist. No. 1515, 1985 WL 4939. See also Crim.R. 12(A) and (C) (listing the types of defenses that must be raised before trial); R.C. 2901.05 (defining an affirmative defense and assigning the burden to the defendant). There is no rule for these defenses such as that set forth in Crim.R. 12.1, which requires a defendant to provide the state with notice of alibi, or Crim.R. 11(A), which requires the defendant to make a written plea of not guilty by reason of insanity.

{¶ 34} Appellant contends that the trial court improperly adopted the state's position that notice of self-defense was required to be provided to the state, pointing to the court's sustaining of the state's objection. Appellant urges that the state's claim and the court's ambiguous language coupled with a sustained objection establish that the court never considered her affirmative defenses.

{¶ 35} Initially, we address the state's counterargument as to one of appellant's defenses. The state claims that defense of an animal is not recognized as a defense in Ohio because an animal would not fall within the "defense of another" category. However, as the state suggested at trial, a dog is personal property. Defense of property is a recognized defense in Ohio. See, e.g., *State v. Bruckner* (Sept. 30, 1993), 8th Dist. No. 63296, 1993 WL 389714 ("Appellant must present evidence that he reasonably believed that his conduct was necessary to defend his property against the imminent use of unlawful force, and the force used was not likely to cause death or great bodily harm"); *Columbus v. Eley* (Jan. 28, 1992), 10th Dist. No. 91AP–803, 1992 WL 15251 ("Manifestly, one can act in defense of self or in defense of property at the same time or in succession"). See also *Faris v. State* (1854), 3 Ohio St. 159, 166–168, 1854 WL 1 (one can defend right to possess one's corn with such force as may be necessary, except when official is attaching property under color of law).

{¶ 36} The state also argues that notwithstanding the court's sustaining of the state's objection regarding her defense, appellant was in fact able to present her defense as she elicited some testimony on prior domestic-violence allegations and was not prohibited from testifying that she feared McCaffrey, who was kicking the dog and coming toward her. Although the court subsequently allowed some further questions on appellant's domestic-violence background, appellant was not permitted to question McCaffrey on a 2002 domestic-violence charge. Moreover, the court did *sustain* the state's objection. Thus, counsel may have felt constrained from presenting certain other evidence in her case-in-chief.

{¶ 37} Furthermore, this objection specifically and erroneously relied upon an assertion that one cannot present an affirmative defense of self-defense unless the state has been given notice of the defense. In sustaining the objection, the transcript states that the court stated: "I mean I'm going to sustain the objection just based on the recording I heard. I don't know how you're raising that as a defense."

{¶ 38} The state notes that before an affirmative defense can be submitted to a trier of fact, the defendant has the burden to present sufficient evidence concerning the defense at trial. See *State v. Melchior* (1978), 56 Ohio St.2d 15, 20, 10 O.O.3d 8, 381 N.E.2d 195; R.C. 2901.05(A). In so stating, the state seems to be suggesting that the court was not relying on the state's grounds but was merely pointing out that she had not presented enough evidence of self-defense.

{¶ 39} Initially, we note the following changed meaning if the punctuation in the court's statement is altered slightly: "I mean I'm going to sustain the objection. Just based on the recording I heard, I don't know how you're raising that as a defense." This punctuation could mean that the court sustained the state's objection on the ground raised and then additionally noted that the defense was weak. We hesitate to speculate as to the court's basis for sustaining the wholly erroneous objection.

{¶ 40} In any event, the state is misapplying the law that the defendant has the burden to present sufficient evidence concerning an affirmative defense at trial before such defense can be presented to the trier of fact. That is, *one cannot determine if the defendant met her burden on the affirmative defense until the evidence is closed.* This cannot be done during the state's case.

{¶ 41} Thus, *a court cannot exclude evidence (during the state's case for that matter) on the basis that the defendant cannot meet his or her burden when such evidence is being presented in order to do just that.* In other words, the defendant was prohibited from attempting to meet her R.C. 2901.05(A) burden of production and her burden of proof on the grounds that she would not likely be able to meet such burdens.

{¶ 42} Finally, the state sets forth the general rules that there is a presumption in a bench trial that the court considered the relevant evidence and that the exclusion of irrelevant evidence is harmless. As to the latter argument, evidence tending to establish the elements of self-defense or defense of property was not irrelevant. As to the former argument, the trial court could not evaluate evidence that it never had a chance to hear. Additionally, the presumptions mentioned are not irrebutable, and the transcript here rebuts any presumption that the court actually considered her affirmative defenses.

{¶ 43} We must also point out that the trial court misconstrued the recording as a bar to her defense. Besides the fact that the lack of a defense should not be prematurely judged, the court's reliance on the recording as some piece of ultimate evidence that would bar the presentation of a defense is misplaced. Notably, after listening to the tape, McCaffrey testified that he said, "I didn't kick the dog," then he got punched in the groin, and then he said, "That's enough of that." However, one could more easily construe McCaffrey's statement as "I didn't kick the dog. *This is kicking the dog.*" (Emphasis added.) It is at this point that one can hear a noise sounding like some kind of strike.

{¶ 44} This construction of the evidence further supports appellant's defense-of-property claim, which the court seemed to have preemptively dismissed outright based upon its construction of the recording before even giving appellant a chance to present her case. Although this discussion seems more pertinent to a

manifest-weight-of-the-evidence analysis, it is also relevant to ascertaining the entire effect of the trial court's contested statements.

{¶ 45} Considering the court's misconstruction of the recording, the court's premature adjudication of her defense as incredible and even unpresentable, and the court's sustaining of an objection made on a wholly erroneous ground, we are compelled to sustain this assignment of error. Based upon the totality of the aforementioned circumstances, we hereby reverse and remand for a new trial.

## ASSIGNMENT OF ERROR NO. TWO

{¶ 46} Appellant's second assignment of error alleges:

{¶ 47} "The verdict is against the sufficiency of the evidence."

{¶ 48} Although we are remanding for a new trial under the first assignment of error, we must still discuss sufficiency because a conviction based upon insufficient evidence bars retrial. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541, citing *Tibbs v. Florida* (1982), 457 U.S. 31, 47, 102 S.Ct. 2211, 72 L.Ed.2d 652. See also *State v. Brewer*, 121 Ohio St.3d 202, 2009-Ohio-593, 903 N.E.2d 284, ¶ 17–20 (sufficiency review considers all evidence admitted even if reviewing court is reversing and remanding based upon improperly admitted piece of evidence).

{¶ 49} Sufficiency of the evidence is a legal question dealing with adequacy. *Thompkins*, 78 Ohio St.3d at 386, 678 N.E.2d 541. In reviewing a sufficiency argument, the appellate court views the evidence in the light most favorable to the prosecution. A conviction cannot be reversed on this ground unless the court determines that no rational trier of fact could have found that the elements of the offense were proven beyond a reasonable doubt. *State v. Goff* (1998), 82 Ohio St.3d 123, 138, 694 N.E.2d 916. In other words, the evidence is sufficient if, after viewing the evidence in the light most favorable to the state, reasonable minds can reach different conclusions as to whether each element has been proven beyond a reasonable doubt. *State v. Carter* (1995), 72 Ohio St.3d 545, 553, 651 N.E.2d 965; *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 263, 9 O.O.3d 401, 381 N.E.2d 184.

{¶ 50} The state acknowledges that a conviction that is not supported by sufficient evidence on each essential element is a due process violation. See *Thompkins*, 78 Ohio St.3d at 386–387, 678 N.E.2d 541. Still, the state suggests that the failure to file a Crim.R. 29 motion for acquittal technically waives a sufficiency-of-the-evidence argument and allows only for a plain-error review. The state cites *State v. Haslam*, 7th Dist. No. 08MO3, 2009-Ohio-1663, 2009 WL 904042, ¶ 31, in support.

{¶ 51} However, a defendant does not waive a sufficiency argument by failing to file a motion for acquittal, as a not-guilty plea preserves sufficiency arguments for purposes of appeal. *State v. Jones* (2001), 91 Ohio St.3d 335, 346, 744 N.E.2d 1163 ("Appellant's 'not guilty' plea preserved his right to object to the alleged insufficiency of the evidence"), citing *State v. Carter* (1992), 64 Ohio St.3d 218, 594 N.E.2d 595. This court has repeatedly reiterated the premise that sufficiency is not waived by failing to seek acquittal. *State v. Nichols*, 7th Dist. No. 07JE50, 2009-Ohio-1027, 2009 WL 582574, ¶ 23; *State v. West*, 7th Dist. No. 05JE57, 2007-Ohio-5240, 2007 WL 2850092, ¶ 67; *State v. Clutter*, 7th Dist. No. 03CO33, 2004-Ohio-1372, 2004 WL 549448, ¶ 11; *State v. Faith*, 7th Dist. No. 03CO48, 2004-Ohio-3048, 2004 WL 1326762, ¶ 8.[1]

{¶ 52} In fact, even before *Carter* and *Jones* extended the concept to a jury trial, the rule was well established that a not-guilty plea preserves sufficiency for purposes of appeal after a bench trial (which was the case here). *Dayton v. Rogers* (1979), 60 Ohio St.2d 162, 163, 14 O.O.3d 403, 398 N.E.2d 781. For all of these reasons, we continue to address the sufficiency of the evidence presented to the trial court below on the essential elements of domestic violence.

{¶ 53} Appellant was charged with domestic violence in violation of R.C. 2919.25(A), which entails knowingly causing or attempting to cause physical harm to a family or household member. "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). Physical harm means "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3).

{¶ 54} Appellant followed McCaffrey upstairs and blocked him from leaving their daughters' room as she accused him of taking her keys. She then told her children that their father did not love them. According to McCaffrey, appellant blocked his way again on the stairs and then punched him in the groin with a

---

1.  We recognize that *Haslam* cited *State v. Robinson*, 177 Ohio App.3d 560, 2008-Ohio-4160, 895 N.E.2d 262, ¶ 18, a Third District case that held that sufficiency is waived in the absence of an acquittal motion. Yet, the Third District had relied upon outdated Supreme Court law. *Robinson*, 177 Ohio App.3d 560, 2008-Ohio-4160, 895 N.E.2d 262, at ¶ 18, citing *State v. Roe* (1989), 41 Ohio St.3d 18, 25, 535 N.E.2d 1351. *Haslam* also cited a Seventh District case that mentioned the application of plain error to a nonpreserved sufficiency issue. *Haslam*, 7th Dist. No. 08MO3, ¶ 31, citing *State v. DiCarlo*, 7th Dist. No. 02CA228, 2004-Ohio-5118, 2004 WL 2334371, ¶ 19. However, the portion of *DiCarlo* cited was merely an "assuming arguendo" aside that the courts finding waiver typically conclude that insufficient evidence would amount to plain error. Prior to making this aside, our *DiCarlo* case specifically held that "the failure to move for an acquittal at trial does not waive an appellant's right to raise a sufficiency of the evidence argument on appeal." *DiCarlo*, at ¶ 19, citing *Jones*, 91 Ohio St.3d at 346, 744 N.E.2d 1163; *Carter*, 64 Ohio St.3d 218, 594 N.E.2d 595; and *New Middletown v. Yeager*, 7th Dist. No. 03MA104, 2004-Ohio-1549, 2004 WL 614868, at ¶ 7.

closed fist after she "threw" her arm back. This caused him to "double over" momentarily. Some reasonable person can find that she knowingly caused *or attempted* to cause McCaffrey physical harm.

{¶ 55} In fact, appellant concedes that if she punched her husband in the groin with a closed fist, then sufficient evidence would exist here. Her arguments are essentially based upon her claim that McCaffrey's testimony is not credible. However, because some rational fact-finder could find the essential elements here, this argument is more appropriately addressed under the weight-of-the-evidence assignment presented below.

## ASSIGNMENT OF ERROR NO. THREE

{¶ 56} Appellant's third assignment of error contends:

{¶ 57} "The verdict is against the manifest weight of the evidence."

{¶ 58} Because we are reversing and remanding for a new trial, the trial court's weighing of the evidence and credibility determinations are moot. Thus this assignment of error will not be addressed.

{¶ 59} For the foregoing reasons, the judgment of the trial court is hereby reversed, and this cause is remanded for a new trial.

Judgment accordingly.

DONOFRIO and WAITE, JJ., concur.