[Cite as *State v. Tracy*, 2016-Ohio-4652.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 14 BE 0059 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| MICHAEL ANTHONY TRACY | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:    Criminal Appeal from the County Court, Northern Division, of Belmont County, Ohio
Case No. 14 CR B 0547

JUDGMENT:    Affirmed.

APPEARANCES:

For Plaintiff-Appellee:    Atty. Daniel P. Fry
Belmont County Prosecutor
Atty. J. Kevin Flanagan
Assistant Prosecuting Attorney
147-A West Main Street
St. Clairsville, Ohio 43950

For Defendant-Appellant:    Atty. Thomas M. Ryncarz
3713 Central Avenue
Shadyside, Ohio 43947

JUDGES:

Hon. Cheryl L. Waite
Hon. Mary DeGenaro
Hon. Carol Ann Robb

Dated: June 17, 2016

WAITE, J.

{¶1} Appellant Michael Anthony Tracy appeals his December 29, 2014 domestic violence conviction. Appellant was sentenced to 180 days in jail with 150 days suspended. Appellant was also fined $100 and placed on two years of supervised probation. As the victim testified that Appellant never physically harmed her, he argues that his conviction is not supported by sufficient evidence and is against the manifest weight of the evidence. For the reasons provided, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Factual and Procedural History

{¶2} Appellant and the victim had been in a relationship for twenty-five years. They lived together, along with their sixteen-year-old daughter, in a house located in Belmont County, Ohio. Prior to the incident at issue, the police had been called to their residence at least three times for domestic disputes. Approximately twelve years ago, one of these calls led to Appellant's arrest, although it is unclear whether he was charged with domestic violence. More recently, the victim has been arrested for domestic violence.

{¶3} In the morning of July 13, 2014, the victim accompanied Appellant, who repairs roofs, to work. According to Appellant's testimony, they argued as he completed his work. Sometime after his work ended, they went to a bar in Martins Ferry, Belmont County. Once inside, they continued their argument. At some point, Appellant left the bar and went home without telling the victim. The victim became angry when she learned that Appellant left without telling her and paid someone $10 to take her home. When she arrived, she found Appellant sleeping in their bed.

**{¶4}** The events that occurred after the victim arrived home are in dispute. Appellant testified that the victim woke him, ripped off the bedcovers and hit him in the head with a beer bottle. He claimed that she began to hit herself with a beer bottle. At some point during the altercation, she stabbed him with the broken bottle. He left the house and found a neighbor outside and asked him to call the police. After the police arrived, he was taken to the hospital where he received seven stitches.

**{¶5}** The victim testified that she arrived at the house and hit Appellant in the head with a beer bottle. (Tr., p. 14.) She did state several times during her testimony that Appellant never physically harmed her; however, she also claimed to have no recollection of the events as she was heavily intoxicated the night of the incident. She testified that she cut her foot on glass from the broken beer bottles and also cut her knee and her head after falling. (Tr., p. 16.)

**{¶6}** Officer Mika Armstrong was the first officer to arrive at the scene. When Officer Armstrong arrived at the scene, she observed Appellant walking in the middle of the road in a confused manner with blood gushing from his head. (Tr., p. 40.) At some point, she also encountered the victim, who had blood on her hands and mouth. Officer Armstrong also noted that the victim's lip appeared to be swollen. Officer Armstrong testified that the victim stated that she came home from the bar and ripped off Appellant's covers at which point Appellant jumped up and hit her in the mouth. She admitted that she followed Appellant after he hit her and threw beer bottles at him.

**{¶7}** Officer Steven Stan also responded the night of the incident. When he arrived, Appellant was in the back of Officer Armstrong's cruiser. (Tr., p. 28.) Officer Stan testified that the victim was inside the house and refused to comply with the officers' order to come out of the house. Officer Stan further testified that the officers had to force the victim out of the house at gunpoint. He noted that the victim appeared to be heavily intoxicated and had cut her foot while walking on the broken glass. Officer Stan testified that the victim had several bumps on her head which she said were caused by Appellant. Their daughter was not at home at the time of the incident and neither Appellant nor the victim had seen her in several days.

**{¶8}** The officers arrested both Appellant and the victim, although it is unclear whether the victim was charged with a crime. The trial court granted a temporary restraining order against Appellant, who was charged with one count of domestic violence, a first-degree misdemeanor in violation of R.C. 2919.25(A). Following bench trial, the trial court found him guilty and immediately proceeded to sentencing. Appellant was sentenced to a 180-day jail term with all but thirty days suspended. The court imposed a $100 fine plus court costs. Appellant was also placed on supervised probation for two years. On Appellant's motion, the trial court stayed the sentence until an appeal could be heard. This timely appeal followed.

<u>ASSIGNMENT OF ERROR</u>

THE TRIAL COURT COMMITTED ERROR BY FINDING THE APPELLANT GUILTY BECAUSE THE VERDICT WAS NOT

SUPPORTED BY SUFFICIENT CREDIBLE EVIDENCE AND THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF EVIDENCE.

**{¶9}** Appellant actually presents two arguments within his assignment of error. He argues that the evidence presented at trial is insufficient to sustain his conviction and additionally contends that his conviction is against the manifest weight of the evidence. Appellant urges that the victim testified that he never physically harmed her. He emphasized that the evidence shows that she hit him in the head with a beer bottle and caused an injury that required seven stitches. Appellant argues that evidence of the victim's intoxicated state and testimony from the officers that she cut her feet on broken glass confirms that she caused her own injuries.

**{¶10}** Sufficiency of the evidence is a legal question dealing with adequacy. *State v. Pepin-McCaffrey,* 186 Ohio App.3d 548, 2010-Ohio-617, 929 N.E.2d 476, (7th Dist.) ¶ 49, citing *State v. Thompkins,* 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). "Sufficiency is a term of art meaning that legal standard which is applied to determine whether a case may go to the jury or whether evidence is legally sufficient to support the jury verdict as a matter of law." *State v. Draper*, 7th Dist. No. 07 JE 45, 2009-Ohio-1023, ¶ 14, citing *State v. Robinson*, 162 Ohio St. 486, 124 N.E.2d 148 (1955). In a sufficiency review, a reviewing court does not determine "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." *State v. Rucci*, 7th Dist. No. 13 MA 34, 2015-Ohio-1882, ¶ 14, citing *State v. Merritt*, 7th Dist. No. 09-JE-26, 2011-Ohio-1468, ¶ 34.

{¶11} While a sufficiency of the evidence review focuses on the prosecution's burden of production, a manifest weight of the evidence review centers on the prosecution's burden of persuasion. *Rucci* at ¶ 14, citing *Merritt* at ¶ 34. An appellate court "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Thompkins*, *supra*, at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶12} An appellate court's discretion to grant a new trial, "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Andric*, 7th Dist. No. 06 CO 28, 2007-Ohio-6701, ¶ 19, citing *Martin* at 175. A reviewing court should not reverse a judgment as against the manifest weight of the evidence in a bench trial where the trial court could reasonably conclude from substantial evidence that the state has proved the offense beyond a reasonable doubt. *Anderic* at ¶ 19, citing *State v. Eskridge*, 38 Ohio St.3d 56, 59, 526 N.E.2d 304 (1988).

{¶13} Pursuant to R.C. 2919.25(A), "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." It appears that Appellant is not contesting that the victim is a family or household member and solely contests whether he caused her physical harm. A physical injury is defined as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3). Pursuant to R.C. 2901.22(B), "[a] person acts knowingly,

regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature."

**{¶14}** In regard to Appellant's sufficiency of the evidence argument, there is ample evidence within this record to support the trial court's judgment. Although the victim's testimony at hearing appears to support Appellant's version of the facts, the responding officers presented evidence from the night in question that supports a finding of guilt. First, the officers testified about the victim's injuries. While the injuries to her feet were self-inflicted, the officers testified that she had a swollen lip and several bumps on her head. These injuries were illustrated in several photographs, which were admitted into evidence. These injuries support the victim's original statement to police that Appellant had hit her in the face.

**{¶15}** Second, both officers testified that at the time of the incident, the victim told them that Appellant had caused her injuries. Although the victim later claimed that Appellant did not harm her, she also testified that she has no recollection of that night due to her state of intoxication. Contrary to Appellant's arguments, her testimony does not conclusively show that he did not physically harm her.

**{¶16}** Based on the nature of the victim's injuries and the statement she made to police at the time of the incident, we find that there is sufficient evidence to support a finding that Appellant caused her physical harm. As such, Appellant's arguments as to the sufficiency of the evidence are without merit and are overruled.

**{¶17}** As to Appellant's manifest weight of the evidence argument, it appears that neither Appellant nor the victim were particularly credible. However,

photographs and testimony from the responding officers provided competent and credible evidence to support Appellant's conviction. There is nothing within the record to suggest that the officers' testimony is not credible. Thus, we find that Appellant's conviction is not against the manifest weight of the evidence. Accordingly, Appellant's sole assignment of error is without merit and is overruled.

<u>Conclusion</u>

**{¶18}** Appellant challenges his conviction based on sufficiency of the evidence and manifest weight of the evidence arguments. However, testimony from the responding officers and photographs of the victim's injuries provide support for Appellant's conviction. Accordingly, Appellant's arguments are without merit and the judgment of the trial court is hereby affirmed.

DeGenaro, J., concurs.

Robb, J., concurs.