[Cite as *State v. Howell*, 2017-Ohio-728.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 15 MA 0034 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| ANTHONY HOWELL | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:    Criminal Appeal from the Youngstown
Municipal Court of Mahoning County,
Ohio
Case No. 15 CRB 28

JUDGMENT:    Affirmed.

APPEARANCES:

For Plaintiff-Appellee:    Atty. Dana Lantz
Youngstown City Prosecutor
Atty. Jeffrey Moliterno
Assistant City Prosecutor
26 S. Phelps Street
Youngstown, Ohio  44503

For Defendant-Appellant:    Atty. John A. Ams
134 Westchester Drive
Youngstown, Ohio  44515

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated:  February 28, 2017

WAITE, J.

**{¶1}**   Appellant Anthony Howell appeals a February 24, 2015 Youngstown Municipal Court judgment entry in which he was found guilty of domestic violence and criminal damaging.  Appellant solely appeals his domestic violence conviction.  Appellant contends that his conviction is not supported by sufficient evidence and is against the manifest weight of the evidence.  For the reasons provided, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Factual and Procedural History

**{¶2}**   On January 10, 2015, the victim drove her two children to their uncle's house.  Shortly after she parked her car, Appellant, who is the father of the children, arrived at the house.  Appellant saw the victim and confronted her.  They began to argue and, at some point, the victim retrieved a baseball bat from her trunk to "scare" Appellant.  They struggled over control of the bat.  During the struggle, Appellant let go of the bat and it struck the victim in the face, causing an injury to her lip.  The victim dropped the bat and walked back to her car, which was still running.

**{¶3}**   Because the driver's side door was broken, she entered through the passenger side door, intending to slide to the driver's seat.  The two children remained in the backseat of the vehicle.  While the victim was inside the car and in the process of heading to the driver's side seat, Appellant picked up the bat and smashed the driver's side window.  The glass shattered and fell on the seat and on one of the children, but did not reach the victim.  Appellant was charged with domestic violence, a misdemeanor of the first degree in violation of R.C. 2919.25(A)

and criminal damaging, a misdemeanor in the second degree, in violation of R.C. 2909.06(A)(1).

{¶4} On January 12, 2015, Appellant was arraigned and pleaded not guilty to both charges. On February 24, 2015, a bench trial was held. Appellant was found guilty of both charges. We note that the trial court determined that insufficient evidence was present to find Appellant guilty of domestic violence for the injury to the victim's lip, but found there was sufficient evidence that he smashed the window while she was inside the car to sustain a conviction. The trial court imposed the following sentence: 80 hours of community service, anger management counseling, financial sanctions, and three years of intensive probation. Appellant timely appeals only his domestic violence conviction.

<u>ASSIGNMENT OF ERROR NO. 1</u>

APPELLANT'S DOMESTIC VIOLENCE CONVICTION IS NOT SUPPORTED BY LEGALLY SUFFICIENT EVIDENCE.

{¶5} Sufficiency of the evidence is a legal question dealing with adequacy. *State v. Pepin–McCaffrey*, 186 Ohio App.3d 548, 2010-Ohio-617, 929 N.E.2d 476, ¶ 49 (7th Dist.), citing *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). "Sufficiency is a term of art meaning that legal standard which is applied to determine whether a case may go to the jury or whether evidence is legally sufficient to support the jury verdict as a matter of law." *State v. Draper*, 7th Dist. No. 07 JE 45, 2009-Ohio-1023, ¶ 14, citing *State v. Robinson*, 162 Ohio St. 486, 124 N.E.2d 148 (1955). To discharge the state's burden when prosecuting a criminal offence,

"probative evidence must be offered" on "every material element which is necessary to constitute the crime." *State v. Billman*, 7th Dist. Nos. 12 MO 3, 12 MO 5, 2013-Ohio-5774, ¶ 8, citing *State v. Martin*, 164 Ohio St. 54, 57, 128 N.E.2d 7 (1955). In a sufficiency review, a reviewing court does not determine "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." *State v. Rucci*, 7th Dist. No. 13 MA 34, 2015-Ohio-1882, ¶ 14, citing *State v. Merritt*, 7th Dist. No. 09 JE 26, 2011-Ohio-1468, ¶ 34.

{¶6} Appellant argues that the victim initiated the incident when she retrieved a baseball bat from her trunk and swung it at him. While he concedes that he struck the driver's side window of the victim's car with the bat, he argues that since none of the shattered glass actually struck her, she suffered no physical harm. He also notes that the victim caused her own injuries to her lip.

{¶7} In response, the state points out that it was only required to show that Appellant attempted to cause physical harm. The state cites to two cases which upheld convictions of felonious assault that were based on the breaking of glass and argues that these cases demonstrate the inherent danger of broken glass. As Appellant admittedly smashed the glass window of the victim's car knowing she was inside, the state argues that there was sufficient evidence presented to show that he attempted to cause physical harm to the victim.

{¶8} Pursuant to R.C. 2919.25(A), "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." Pursuant to R.C. 2923.02(A), an attempt involves "conduct that, if successful, would constitute or result

in the offense." According to R.C. 2901.01(A)(3), physical harm "means any injury, illness, or other physiological impairment, regardless of its gravity or duration." Appellant is not contesting that the victim is a family or household member. He solely contests whether he caused her physical harm.

{¶9} The incident began when the victim arrived at the house with the children. Appellant and the victim began arguing and the victim retrieved a baseball bat from her trunk in order to "scare" Appellant. A fight ensued over the bat that resulted in an injury to the victim's lip; however, the trial court ruled there was insufficient evidence to support a domestic violence charge for this injury. After the bat hit the victim, she dropped it on the ground and entered her car, which was still running. As her driver's side door was broken, she entered through the passenger door. While she was inside and heading to the driver's seat, Appellant struck the driver's side window with the bat, causing the glass to shatter and fall onto the lap of one of the children. While the glass did not reach the victim, the trial court found that Appellant's actions in striking the window knowing that she was inside was sufficient to find him guilty of domestic violence.

{¶10} While the victim was not physically harmed as a result of Appellant's actions, "[o]ne does not have to cause serious injury to be guilty of domestic violence; defendant may be found guilty of domestic violence even if the victim sustains only minor injuries, or sustains no injury at all." *State v. Kartman,* 7th Dist. No. 01 BA 65, 2002-Ohio-5189, ¶ 9, citing *State v. Blonski,* 125 Ohio App.3d 103, 707 N.E.2d 1168 (9th Dist.1997). Thus, the fact that the victim was not physically harmed is irrelevant.

**{¶11}** The question is whether Appellant's action in striking the window with the bat while the victim was inside the car constitutes an attempt to cause physical harm. In a Sixth District case, the appellant and the victim argued and the appellant was asked to leave the house. *State v. McClellan,* 6th Dist. No. OT-95-057, 1996 WL 238765, *1 (May 10, 1996). As the appellant left, he turned and punched a door, striking and shattering the door's glass window. The broken glass did not strike the victim, but it did strike their child. *Id.* at *2. The Sixth District upheld the domestic violence conviction and found it was irrelevant whether the appellant could have anticipated the degree of a potential injury because he was generally aware that it was more likely than not that his actions would cause an injury. *Id.,* citing *State v. Sowell,* 39 Ohio St.3d 322, 530 N.E.2d 1294 (1988). This holding falls in line with the established principle that a person who exposes another to danger is presumed to know the consequences of their actions. *State v. Davis,* 7th Dist. No. 08 MA 236, 2011-Ohio-292, ¶ 186, *State v. Thompson,* 55 Ohio App.2d 17, 23, 379 N.E.2d 245 (5th Dist.1977).

**{¶12}** Importantly, Appellant knew the victim was inside the car and heading to the driver's seat when he swung the bat at the driver's side window. He also knew that a car is an enclosed space and there was a significant possibility that shattering glass may strike someone. A person using the level of force adequate to break the glass of a car window would likely understand the risk of injury. As such, this record reflects sufficient evidence that Appellant attempted to cause the victim physical harm.

{¶13} Accordingly, Appellant's first assignment of error is without merit and is overruled.

<u>ASSIGNMENT OF ERROR NO. 2</u>

APPELLANT'S DOMESTIC VIOLENCE CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶14} Appellant argues that the victim admitted during her testimony she lied to the responding officers and that she caused her own lip injury. Appellant notes that the victim also admitted that she initiated the altercation when she retrieved the bat from her trunk. Furthermore, Appellant urges that as the victim was untouched by the glass there is no evidence that she was placed at risk of an injury. The state responds by reasserting its argument submitted under the first assignment of error.

{¶15} While a sufficiency of the evidence review focuses on the prosecution's burden of production, a manifest weight of the evidence review centers on the prosecution's burden of persuasion. *Merritt* at ¶ 34. An appellate court "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Thompkins, supra*, at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶16} A reversal should only be granted "in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Andric*, 7th Dist. No. 06 CO 28, 2007-Ohio-6701, ¶ 19, citing *Martin* at 175. A reviewing court should not reverse

a judgment as against the manifest weight of the evidence in a bench trial where the trial court could reasonably conclude from substantial evidence that the state has proved the offense beyond a reasonable doubt. *Andric* at ¶ 19, citing *State v. Eskridge*, 38 Ohio St.3d 56, 59, 526 N.E.2d 304 (1988).

{¶17} Only two witnesses testified in this matter, the victim and the responding officer. While the victim admitted that she lied about the cause of her lip injury to the police, other evidence supports the trial court's verdict. As previously discussed, Appellant admitted that he smashed the vehicle's window with the bat. It is uncontroverted that the victim was inside the vehicle at the time. The responding officer, Officer Christopher Staley, testified that the driver's side window was shattered and there was broken glass both outside and inside the vehicle. Importantly, we note that the trial court expressly stated within its judgment entry that it "considered the evidence and assessed the credibility of the witnesses." (2/24/15 J.E.) There is competent and credible evidence to support the trial court's verdict, and so Appellant's conviction is not against the manifest weight of the evidence. Appellant's second assignment of error is without merit and is overruled.

## Conclusion

{¶18} Appellant contends that his conviction is not supported by sufficient evidence and is against the manifest weight of the evidence. However, the record provides sufficient, competent and credible evidence to support Appellant's conviction. Accordingly, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

DeGenaro, J., concurs.