[Cite as *State v. Davis*, 2019-Ohio-490.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

LAWRENCE E. DAVIS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 16 MA 0174**

---

Criminal Appeal from the
Youngstown Municipal Court of Mahoning County, Ohio
Case No. 16 TRD 2153

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Kathleen Bartlett, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Dana Lantz*, Youngstown City Prosecutor and
*Atty. Shelli Freeze*, Assistant Prosecuting Attorney
9 West Front Street, Youngstown, Ohio 44503, for Plaintiff-Appellee
No Brief Filed.

*Atty. Wesley A. Johnston*, P.O. Box 6041, Youngstown, Ohio 44501, for Defendant-Appellant.

Dated: February 1, 2019

---

**WAITE, P.J.**

**{¶1}** Appellant Lawrence E. Davis appeals an October 26, 2016 Youngstown Municipal Court judgment entry convicting him of driving under suspension. Appellant argues that his conviction is not supported by sufficient evidence and is against the manifest weight of the evidence. For the reasons provided, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

## Factual and Procedural History

**{¶2}** On June 22, 2016, the Youngstown Police Department received a call from a woman requesting assistance in an incident involving Appellant, who is the father of her child. Officers David Wilson, Nicholas Bailey, and Pat Mulligan arrived at the woman's house. By that time, the woman informed the officers Appellant had left. As the officers continued to speak with the woman, she noticed a white van driving around the corner and identified Appellant as the driver. Appellant parked the van, got out, and approached the officers. Officer Wilson obtained Appellant's personal information and ran it through the Law Enforcement Automated Data System ("LEADS"). Officer Wilson discovered that Appellant's driver's license was suspended and gave him a ticket.

**{¶3}** The matter proceeded to a one-day bench trial. At trial, Appellant appeared *pro se* and argued that he was not driving the van at the time he made contact with the officers, thus could not have been driving under suspension. The trial court found Appellant guilty. The court sentenced Appellant to one year of probation. The court also imposed forty hours of community service and a $100 fine. Appellant timely appeals his conviction.

## ASSIGNMENT OF ERROR

THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE TRIAL COURT'S VERDICT OF GUILTY AS TO DRIVING UNDER SUSPENSION AND APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶4} "Sufficiency of the evidence is a legal question dealing with adequacy." *State v. Pepin-McCaffrey*, 186 Ohio App.3d 548, 2010-Ohio-617, 929 N.E.2d 476, ¶ 49 (7th Dist.), citing *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.3d 541 (1997). "Sufficiency is a term of art meaning that legal standard which is applied to determine whether a case may go to the jury or whether evidence is legally sufficient to support the jury verdict as a matter of law." *State v. Draper*, 7th Dist. No. 07 JE 45, 2009-Ohio-1023, ¶ 14, citing *State v. Robinson*, 162 Ohio St. 486, 124 N.E.2d 148 (1955). When reviewing a conviction for sufficiency of the evidence, a reviewing court does not determine "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." *State v. Rucci*, 7th Dist. No. 13 MA 34, 2015-Ohio-1882, ¶ 14, citing *State v. Merritt*, 7th Dist. No. 09-JE-26, 2011-Ohio-1468, ¶ 34.

{¶5} In reviewing a sufficiency of the evidence argument, the evidence and all rational inferences are evaluated in the light most favorable to the prosecution. *State v. Goff*, 82 Ohio St.3d 123, 138, 694 N.E.2d 916 (1998). A conviction cannot be reversed on the grounds of sufficiency unless the reviewing court determines no rational trier of fact could have found the elements of the offense proven beyond a reasonable doubt. *Id*.

{¶6}    Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other." (Emphasis deleted.)  *Thompkins*, 78 Ohio St.3d at 387.  It is not a question of mathematics, but depends on the effect of the evidence in inducing belief.  *Id.*  Weight of the evidence involves the state's burden of persuasion.   *Id.* at 390 (Cook, J. concurring).  The appellate court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed.  *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶ 220, citing *Thompkins*, at 387. This discretionary power of the appellate court to reverse a conviction is to be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.  *Id.*

{¶7}    "[T]he weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts."  *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, ¶ 118, quoting *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus.  The trier of fact is in the best position to weigh the evidence and judge the witnesses' credibility by observing their gestures, voice inflections, and demeanor.  *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).  The jurors are free to believe some, all, or none of each witness' testimony and they may separate the credible parts of the testimony from the incredible parts.  *State v. Barnhart*, 7th Dist. No. 09 JE 15, 2010-Ohio-3282, ¶ 42, citing *State v. Mastel*, 26 Ohio St.2d 170, 176, 270 20 N.E.2d 650 (1971).  When there are

two fairly reasonable views of the evidence or two conflicting versions of events, neither of which is unbelievable, we will not choose which one is more credible. *State v. Gore*, 131 Ohio App.3d 197, 201, 722 N.E.2d 125 (7th Dist.1999).

{¶8} Pursuant to R.C. 4510.11(A):

(A)   Except as provided in division (B) of this section and in sections 4510.111 and  4510.16 of the Revised Code, no person whose driver's or commercial driver's license or permit or nonresident operating privilege has been suspended under any provision of the Revised Code, other than Chapter 4509. of the Revised Code, or under any applicable law in any other jurisdiction in which the person's license or permit was issued, shall operate any motor vehicle upon the public roads and highways or upon any public or private property used by the public for purposes of vehicular travel or parking within this state during the period of suspension unless the person is granted limited driving privileges and is operating the vehicle in accordance with the terms of the limited driving privileges.

{¶9}   Appellant argues that his conviction is not supported by sufficient evidence and is against the manifest weight of the evidence.  Appellant provides four conclusory statements as his arguments and does not cite to any legal authority.  First, Appellant claims that Officer Bailey did not run a license check to determine the status of Appellant's license.  It appears, however, that Appellant did not carefully review the testimony of Officers Wilson and Bailey.  Officer Wilson testified that he ran Appellant's personal information through the system and discovered that his driver's license was suspended.  (9/14/16 Tr., pp. 7-9.)  Officer Bailey testified that he did not run a check on

Appellant's information because that process was completed by Officer Wilson. (9/14/16 Tr., p. 16.) Thus, Appellant's personal information was processed through LEADS at the time of the incident.

**{¶10}** Second, Appellant argues that, although he did not take the stand to testify, his *pro se* cross-examination of the witnesses should be considered testimonial in nature. Appellant's argument that statements made by him while serving as his own counsel should serve as testimony must fail as this is an obvious attempt to circumvent the state's right to cross-examine him. "[W]hen a defendant takes the stand in his own defense, he is subject to cross-examination on all relevant issues including his credibility." *State v. Phillips*, 8th Dist. No., 2010-Ohio-5130, ¶ 32, citing *State v. Fannin*, 8th Dist. No. 80014, 2002-Ohio-4180, ¶ 77; *State v. Landrum*, 53 Ohio St.3d 107, 559 N.E.2d 710 (1990). Appellant did not take the stand and was not subject to cross-examination by the state. He cannot avoid the state's right to cross-examine him by disguising his cross-examination of the witnesses as his "testimony."

**{¶11}** Regardless, Appellant has not explained how his cross-examination questioning would affect the case. At trial, Appellant appears to concede that his license was suspended. However, he argued that he could not be guilty of driving under suspension because he was not driving the van at the time he made contact with the officers. (9/14/16 Tr., p. 10.) Even if his statements could be considered "evidence," officers observed Appellant driving the van before he parked it and approached them, and discovered his license was suspended through the use of LEADS. Thus, the elements of driving under a suspension were met.

**{¶12}** Third, he argues that his driver's license record was admitted without the appearance or testimony of the custodians of the record. Exhibit A is a certified copy of Appellant's driving record, which revealed his suspension. Importantly, Appellant did not file a motion to suppress these records and did not object to introduction of the certified copy of exhibit A at trial. We have previously reviewed whether a LEADS driving record report constitutes inadmissible hearsay. *State v. Lett,* 7th Dist. No. 08 MA 194, 2009-Ohio-5268. In *Lett,* this Court explained:

> A LEADS report is a public record, pursuant to Evid.R. 901(B)(7), and requires authentication prior to being admissible. Extrinsic evidence of authenticity is not required for certain domestic public documents and for certified copies of public records as these are self-authenticating. Evid.R. 902(1), (2), and (4). However, "the certification must be accompanied by a seal before the copies would be self authenticating."

*Id.* at ¶ 23, citing *State v. Peterson,* 11th Dist. No. 96-T-5464, 1996 WL 761231, *6 (Nov. 29, 1996). While exhibit A is not included within the appellate record, the transcripts reflect that this exhibit consists of a certified copy of Appellant's driving record. (9/14/16 Tr., p. 8.) As such, in accordance with *Lett,* exhibit A is a self-authenticating public record.

**{¶13}** In addition to Appellant's driving record, Officer Wilson testified that he observed Appellant driving a white paneled van. (9/14/16 Tr., p. 9.) Officer Wilson then ran Appellant's personal information through LEADS and discovered his license suspension. Thus, Appellant's conviction is supported by sufficient competent and credible evidence.

**{¶14}** Accordingly, Appellant's sole assignment of error is without merit and is overruled.

## Conclusion

**{¶15}** Appellant argues that his driving under suspension conviction is not supported by sufficient evidence and is against the manifest weight of the evidence. The record contains sufficient competent and credible evidence to support Appellant's conviction. Accordingly, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Robb, J., concurs.

Bartlett, J., concurs.

Case No. 16 MA 0174

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Youngstown Municipal Court of Mahoning County, Ohio, is affirmed.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**