[Cite as *State v. Merritt*, 2011-Ohio-1468.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 09 JE 26 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| GARY MERRITT | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:  Criminal Appeal from the Court of
Common Pleas of Jefferson County,
Ohio
Case No. 08 CR 60

JUDGMENT:  Affirmed.

APPEARANCES:

For Plaintiff-Appellee:  Atty. Thomas R. Straus
Prosecuting Attorney
Atty. George M. Sarap
Assistant Prosecuting Attorney
Jefferson County Justice Center
16001 State Route 7
Steubenville, Ohio 43952

For Defendant-Appellant:  Atty. Eric M. Reszke
Suite 810, Sinclair Building
Steubenville, Ohio 43952

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated: March 24, 2011

WAITE, P.J.

**{1}** Appellant Gary Merritt was convicted of theft of four automatic catalytic converters, in violation of R.C. 2913.02(A)(1), and vandalism resulting from that theft, in violation of R.C. 2909.05(B)(1)(a). He was sentenced to concurrent nine-month prison sentences on his convictions. Appellant appeals both his conviction and the length of his sentence. Appellant raises two assignments of error relating to the trial proceedings and one assignment of error regarding his sentence.

**{2}** Appellant argues that the trial court abused its discretion by allowing the testimony of Kelly Bernardi, his ex-girlfriend. At trial, Bernardi testified that Appellant confessed to several previous catalytic converter thefts. Appellant contends that this was inadmissible as "other bad acts" evidence under Evid.R. 404(B). Although inadmissible to prove character, evidence of prior crimes can be admitted if the other acts evidence will be used to prove identity and to show a common plan or scheme, and it was for these purposes that Bernardi testified.

**{3}** Appellant also argues that the jury verdict was against both the sufficiency of the evidence and the manifest weight of the evidence. The state offered two eyewitnesses to the crime that established Appellant as the perpetrator. While Appellant called witnesses to refute the state's arguments, their credibility was undermined by their close relationship to Appellant and their own uncertainty in their testimony. Similarly, Appellant's own testimony was severely undermined by subsequent rebuttal witnesses called by the state. A reasonable trier of fact could find that the greater amount of credible evidence supports the jury's guilty verdict.

**{4}** Lastly, Appellant contests the length of the sentences given for his convictions and claims that the trial court's actions in exceeding the minimum sentence constitute an abuse of discretion. This issue is now moot because Appellant has served his sentence and has been released from confinement.

**{5}** For the foregoing reasons, the judgment of the lower court is affirmed.

## Case History

**{6}** On February 2, 2008, four catalytic converters were cut off and taken from automobiles for sale at Joe Leonard Auto Broker, a used automobile lot located in Steubenville, Ohio. As a result of the theft, the vehicles also sustained damage to their manifolds and tailpipes.

**{7}** A Jefferson County Grand Jury indicted Appellant for the crimes on May 7, 2008. Appellant was charged with theft in violation of R.C. 2913.02(A)(1) and vandalism in violation of R.C. 2909.05(B)(1)(a), both fifth degree felonies. Appellant rejected the state's plea offer, and, on June 9, 2008, a jury trial in the matter was held in the Jefferson County Court of Common Pleas.

**{8}** The state presented two eyewitnesses to the theft. Joseph Seng stated that he had known Appellant for eight years. He testified that on the night of the theft, Appellant asked him if would like to make some money. Seng explained that he acted as a lookout while Appellant removed the catalytic converters. Citing poor eyesight, Seng was initially unable to identify Appellant from the witness stand. He explained that he wore eyeglasses but that they had recently broken. After the court allowed Seng to walk around the courtroom, he correctly identified Appellant.

**{9}** Eugene Walker, a mechanic who lives behind Joe Leonard Auto Broker, testified that he watched the automobile lot at night for the past eight years. On the night of the theft, Walker stated that he heard a "big banging" coming from the lot. Surveying the lot, he noticed a car with fogged windows. After walking over to investigate, Walker stated that he saw Appellant come out from underneath a nearby car and run up the street, away from the auto lot. Walker stated that there was sufficient light for him to see Appellant's face.

**{10}** The state called three additional witnesses in its case in chief. Joe Leonard, owner of the automobile lot, confirmed which vehicles had been vandalized and testified to the total amount of damages. Kelly Bernardi, Appellant's ex-girlfriend, testified that Appellant had confessed to her regarding three previous catalytic converter thefts and identified the locations of these thefts. Detective Stasiulewicz, a Steubenville detective, described his investigation and testified regarding the lack of physical evidence such as fingerprints or DNA.

**{11}** Appellant called three witnesses. Lovie Merritt, Appellant's mother, and Shawn Bowers, a friend, provided alibis for Appellant. Merritt testified that on the night of the theft, Appellant was recuperating at her house from a previously incurred injury. Bowers testified that he was at Merritt's house on the night of the crime and that Appellant never left the house. Both claimed that Appellant's arm was in a sling at the time. Additionally, Bowers also claimed to know the true perpetrator of the crimes: his uncle, John Clark.

**{12}** Appellant testified on his own behalf. He stated that he was recuperating at his mother's house on the night of the theft. Appellant testified that he had sustained an injury after falling off a forklift on either January 13 or 14 and at the time of the theft, his arm was in a sling. He claimed that he never left the house on February 2, 2008, nor did he know anything about the theft. On cross-examination, the state questioned Appellant about the injury he allegedly sustained. Appellant admitted that he sought treatment at a Pittsburgh hospital in an effort to avoid service of a warrant for his arrest on domestic violence charges in Steubenville. He also admitted that he used the name of his brother, Donald Merritt, in a further effort to conceal his identity. The state introduced the medical report of Appellant's hospital visit. Appellant confirmed it was the report of his hospital visit. The patient's name was listed as Donald Merritt and the date of the stay was January 13, 2008.

**{13}** The state called additional witnesses on rebuttal in order to contradict Appellant's testimony about his injury. Steubenville police officer Joseph Buchmelter testified that in the early morning hours of January 13, 2008, he attempted to stop a pickup truck for a traffic violation, but the truck failed to yield. During the subsequent pursuit, the truck hit a utility pole and spun onto a nearby open field. Appellant and an unidentified female, both passengers in the truck, exited the vehicle and ran from the scene. Buchmelter pursued Appellant on foot, and Appellant ran into Beatty Park, a nearby city park. Buchmelter continued to pursue him, but Appellant jumped over a fence down into an adjoining culvert. Buchmelter stated that Appellant appeared to have injured himself in the fall and lay still for about a minute where he

landed. Appellant then got up and continued to run through the culvert area. Buchmelter lost sight of Appellant when he entered a tunnel located at the end of the culvert area. The height of the jump, estimated by Buchmelter to be over ten feet, prevented Buchmelter from pursuing Appellant further. Pursuant to Steubenville Police Department policy, Buchmelter notified local hospitals to contact the department in case Appellant sought medical treatment.

{14} Steubenville police officer Mark Ensell also testified about the incident. Ensell assisted Buchmelter in the pursuit of Appellant. He stated he cut off Appellant in Beatty Park with his cruiser. Appellant, however, evaded arrest by jumping a fence into the adjoining culvert area. The depth of the culvert also prevented Ensell from pursuing Appellant further.

{15} The jury returned a guilty verdict on both counts. A sentencing hearing was held on June 18, 2008. Citing Appellant's dishonesty regarding his shoulder injury and his lack of remorse, the common pleas court sentenced him to serve concurrent nine month sentences on each count, more than the six-month minimum sentence for the fifth degree felonies.

{16} Analysis of Appellant's assignments of error will be conducted in logical rather than numerical order.

<u>ASSIGNMENT OF ERROR NO. 3</u>

{17} "THE TRIAL COURT ABUSED ITS DISCRETION IN PERMITTING THE TESTIMONY OF KELLY BERNARDI."

**{18}** As an initial matter, the state argues that Appellant is foreclosed from raising this assignment of error because he failed to object to Bernardi's testimony at trial. Except for instances of plain error, an appellate court does not consider an error which a party failed to raise at the trial court level. *McKimm v. Ohio Elections Comm.* (2000), 89 Ohio St.3d 139, 150, 729 N.E.2d 364. The record indicates, however, that Appellant did object to Bernardi's testimony and that his objection was noted by the trial court. (Tr., pp. 113-116.) Because Appellant appears to have raised an objection to Bernardi's testimony at trial, he is permitted to raise the issue on appeal.

**{19}** Appellant argues that Bernardi's testimony relaying Appellant's confessions to other catalytic converter thefts should not have been admitted. Evid.R. 404(B) prohibits the introduction of evidence of other crimes or wrongful acts to prove the bad character of a person, but does allow such evidence to be admitted for other purposes. Appellant cites *State v. Schaim* (1992), 65 Ohio St.3d 51, 59, 600 N.E.2d 661, to explain that the admission of such "other bad acts" evidence is "carefully limited because of the substantial danger that the jury will convict the defendant solely because it assumes that the defendant has a propensity to commit criminal acts, or deserves punishment regardless of whether he or she committed the crime charged in the indictment." This general rule protects defendants from a conviction based on bad character or a jury's desire to punish a victim for past bad acts. On the other hand, if the state demonstrates that "other bad acts" evidence will be used for a purpose beyond mere introduction of the accused's bad character, this may permit the testimony's inclusion.

**{20}** Because of the magnitude of the potential harm, evidence of other bad acts is admitted pursuant to a strict two-part test. See *State v. Broom* (1988), 40 Ohio St.3d 277, 282, 533 N.E.2d 682; see also *State v. Fellows*, 7th Dist. No. 09 JE 36, 2010-Ohio-2699, at ¶17. First, there must be substantial proof that the other bad acts occurred and were committed by the defendant. Id., citing *State v. Lowe* (1994), 69 Ohio St.3d 527, 529, 634 N.E.2d 616. Second, as noted above, the evidence of the other bad acts must be used for purposes of showing one of the general rule's recognized exceptions. Id., citing *State v. Crotts*, 104 Ohio St.3d 432, 2004-Ohio-6550, 820 N.E.2d 302, at ¶19. In the explanation of his assignment of error, Appellant appears to challenge the admission of Bernardi's testimony on both parts of the test.

**{21}** In reviewing a trial court's application of this two-part test, an appellate court only reviews whether the trial court abused its discretion in making its decision. *State v. Bey* (1999), 85 Ohio St.3d 487, 490, 709 N.E.2d 484. An abuse of discretion connotes more than an error of judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.

**{22}** In cases where witness testimony provides the evidence of previous wrongful acts, "the substantial proof requirement is satisfied if at least one witness who has direct knowledge of the other act can testify to the other act." *State v. Wright* (Dec. 6, 2001), 4th Dist. No. 00CA39, at *17. Typically, a witness's direct knowledge stems from actual observation of the other acts. See, *e.g.*, *State v.*

*Charley*, 7th Dist. No. 05 BE 34, 2007-Ohio-1108, at ¶39; *Fellows*, supra, at ¶18. Direct knowledge, however, may also derive from an accused's admissions to a witness. See, *e.g., State v. Bromagen*, 12th Dist. No. CA2005-09-087, 2006-Ohio-4429, at ¶14. Witness testimony regarding the previous wrongful acts does not require corroboration. See *Wright*, 4th Dist. No. 00CA39, at *17; see also *State v. McNeal*, 8th Dist. No. 91507, 2009-Ohio-3888, at ¶14; *Charley*, 7th Dist. No. 05 BE 34, 2007-Ohio-1108. The credibility of a witness's testimony is an issue for the trier of fact. See *Wright*, at 49, citing *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.

**{23}** In the instant case, Bernardi did not, herself, observe Appellant's alleged other acts. Bernardi testified that Appellant confessed his prior thefts to her. While the failure of the state to offer any corroborating evidence is notable, this lack of corroboration does not demonstrate a lack of substantial proof. Under the standard set out above, Bernardi possessed direct knowledge of the alleged other acts. She claimed that Appellant personally confessed his actions to her. She did not claim she learned of the acts through a third party or an unrelated circumstance. Given Bernardi's direct knowledge of the other acts, the lower court did not abuse its discretion in finding that there was substantial proof for those acts.

**{24}** The state must also show that the contested testimony falls under one of the general rule's recognized exceptions. At trial, the state argued Bernardi's testimony was admissible to show a common scheme and cited Evid.R. 404(B).

**{25}** Evid.R. 404(B) states:

**{26}** "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

**{27}** The first sentence of Evid.R. 404(B) is essentially a restatement of the common law rule against the admissibility of other acts evidence. See *Broom*, supra, at 282. The second sentence of Evid.R. 404(B) provides a non-exhaustive list of recognized exceptions to the general rule. See *Wright*, 4th Dist. No. 00CA39, at *12; See also R.C. 2945.59.

**{28}** At trial, the state asserted that the testimony of Bernardi would demonstrate that Appellant employed a "common scheme" in the theft of the catalytic converters. On appeal, the state reasserts this contention. Proof of a common scheme is relevant in two limited situations. See *State v. Curry* (1975), 43 Ohio St. 2d 66, 73, 330 N.E.2d 720. Other acts evidence tending to show a defendant's common scheme may be admissible if the other acts "form part of the immediate background of the alleged act which forms the foundation of the crime charged in the indictment," such that the other acts "concern events which are inextricably related to the alleged criminal act." Id. Other acts evidence may also be admissible if the identity of the crime's perpetrator is at issue. Id.; see also *State v. Brooks*, 10th Dist. No. 07-MA-79, 2008-Ohio-6600, at ¶35. The state can attempt to prove that the accused committed the offense by showing that he or she has committed similar

crimes which "share common features with the crime in question." *Bey*, 85 Ohio St.3d at 490, 709 N.E.2d 484.

**{29}** Based on the facts of the instant case, the first scenario does not apply. The alleged other acts, distinct in time and place, are not part of the immediate background that form the foundation of Appellant's instant acts. Identity, however, is at issue in the case. There is little question that the theft and its accompanying vandalism occurred at Joe Leonard Auto Body on February 2, 2008. Two eyewitnesses, including one participant, testified that the crimes took place that night. The owner of the automobile lot attested to the loss of the converters and the damage done to the cars. Finally, a veteran detective confirmed the theft and resulting vandalism. Understandably, Appellant does not contest that the theft occurred, but he asserts that he did not commit it, and he provided alibi evidence at trial. The state argues, however, that the overall evidence, including the evidence of Appellant's prior thefts, tends to show Appellant's identity as the perpetrator.

**{30}** Bernardi testified that Appellant had confessed to at least three other catalytic converter thefts in the Steubenville area. Here, the other acts testified to by Bernardi's testimony exhibit several common features with the instant crimes: catalytic converters were stolen; the thefts occurred in the same geographic area; and the thefts seemed to have taken place in the same general timeframe. Given the very specific nature of the types of thefts Appellant confessed to, and the circumstances surrounding the thefts, the evidence was admissible under Evid.R. 404(B).

**{31}** Even if Bernardi's testimony was admitted in error, this error would not require reversal. If there is substantial other evidence to support the guilty verdict, a trial court's error in admitting or excluding evidence is harmless. Id. at ¶25, citing *State v. McKnight*, 107 Ohio St.3d 101, 2005-Ohio-6046, 837 N.E.2d 315, at ¶88. Harmless error does not require reversal. See Crim.R. 52(A). In the instant case, the state proffered two eyewitnesses to the crime. Both eyewitnesses testified that Appellant committed the crime. There is little evidence in the record to question either witness's credibility. Even without Bernardi's testimony, these witnesses' testimony provided substantial other evidence to support Appellant's guilty verdict.

**{32}** Appellant's third assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 1

**{33}** "THE JURY VERDICT FINDING THE APPELLANT GUILTY OF THEFT AND VANDALISM WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

**{34}** Appellant's assignment of error claims that the jury verdict was against the manifest weight of the evidence. In the explanation supporting this assignment of error, however, Appellant also argues that there was insufficient evidence to support the verdict. "An evaluation of the sufficiency of the evidence and an evaluation of the weight of the evidence are two distinct processes." *State v. McGowan*, 7th Dist. No. 09 JE 24, 2010-Ohio-1309, at ¶12, citing *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541. An inquiry into the sufficiency of the evidence centers on the prosecution's burden of production, while an inquiry into the manifest weight of the evidence deals with the prosecution's burden of persuasion. Id. at 391 (Cook, J.,

concurring). When both concepts are raised, we review sufficiency of the evidence claims first. *State v. James*, 7th Dist. No. 07 CO 47, 2009-Ohio-4392, ¶26; see also *Thompkins* at 388 ("A reversal based on the weight of the evidence * * * can occur only after the State both has presented *sufficient evidence* to support conviction and has persuaded the jury to convict.")

### Sufficiency of the Evidence

**{35}** When an appellant challenges a conviction based on the sufficiency of evidence, an appellate court does not assess "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." Id. at 390.

**{36}** In the instant case, Appellant was charged with two crimes: theft in violation of R.C. 2913.02(A)(1); and vandalism in violation of R.C. 2909.05(B)(1)(a).

**{37}** R.C. 2913.02(A)(1) reads:

**{38}** "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:

**{39}** "(1) Without the consent of the owner or person authorized to give consent;"

**{40}** Conviction for theft under R.C. 2913.02(A)(1) requires proof that Appellant knowingly obtained or exerted control over property without its owner's consent and with the purpose of depriving the owner of the property. The state produced sufficient evidence to support Appellant's conviction for theft. An

accomplice testified that Appellant intended to steal the catalytic converters and accompanied him to the scene of the theft. A second eyewitness saw Appellant stealing the converters. The owner of the cars testified that their catalytic converters had been taken.

**{41}** R.C. 2909.05(B)(1)(a) reads:

**{42}** "(B)(1) No person shall knowingly cause physical harm to property that is owned or possessed by another, when either of the following applies:

**{43}** "(a) The property is used by its owner or possessor in the owner's or possessor's profession, business, trade, or occupation, and the value of the property or the amount of physical harm involved is five hundred dollars or more;"

**{44}** Conviction for vandalism under R.C. 2909.05(B)(1)(a) requires proof that Appellant knowingly caused physical harm to the property of another when that property is used by the owner in his business and the value of the property or the harm done to the property exceeds $500. Again, the state produced sufficient evidence, if believed, to support Appellant's conviction under this statute. The theft of the converters resulted in damage being done to the cars. The cars were business property of Joe Leonard Auto Broker at the time of the theft. Joe Leonard testified that the damage exceeded $500. Appellant did not contest the damage calculation.

### Manifest Weight of the Evidence

**{45}** The claim that a verdict is against the manifest weight of the evidence concerns whether a jury verdict is supported by "the *greater amount of credible evidence.*" (Emphasis in original.) *Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d

541. Although the appellate court acts as a proverbial "thirteenth" juror under this standard, it rarely substitutes its own judgment for that of the jury's. This is because the trier of fact was in the best position to determine the credibility of the witnesses and the weight due to the evidence. See *State v. Higinbotham*, 5th Dist. No. 2005CA00046, 2006-Ohio-635, at ¶37, citing *State v. DeHass* (1967), 10 Ohio St.2d 230, 231, 39 O.O.2d 366, 227 N.E.2d 212. Only when "it is patently apparent that the factfinder lost its way," should an appellate court overturn the jury verdict. *State v. Woullard*, 158 Ohio App.3d 31, 48, 2004-Ohio-3395, 813 N.E.2d 964, ¶80.

**{46}** In its case in chief, the state produced two eyewitnesses to the crimes. Both Joseph Seng and Eugene Walker testified that Appellant had committed the theft. Both testified that Appellant was underneath a car at the auto lot on the night of the theft. Seng, an accomplice in the theft, stated Appellant was in the process of stealing catalytic converters. Walker saw Appellant get out from underneath a car from which the converter was stolen. Appellant's repudiation of this testimony relied on alibi testimony given by his mother, a friend and his own testimony. Both his mother and Shawn Bowers stated that Appellant was recuperating at his mother's house from an injury sustained while operating a forklift. Appellant echoed their testimony. The state, however, offered additional testimony to show that Appellant fabricated his story as to the alleged source of his injury. If this testimony was believed, the state proved that Appellant and his witnesses had not been entirely truthful on the witness stand.

**{47}** Given this set of circumstances, it is not "patently apparent" that the jury lost its way in rendering its verdict. A jury could certainly have found the state's evidence to be more credible than the evidence offered by Appellant. Because a reasonable trier of fact could have concluded the greater amount of credible evidence supported the prosecution's case, the jury's verdict was not against the manifest weight of the evidence.

**{48}** Appellant's first assignment of error is overruled.

<u>ASSIGNMENT OF ERROR NO. 2</u>

**{49}** "THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING THE APPELLANT TO A DEFINITE TERM OF NINE (9) MONTHS IN PRISON."

**{50}** Appellant was sentenced to nine months in prison on each offense, to be served concurrently. The minimum sentence for each of Appellant's convicted offenses is six months. Appellant argues that there was no basis for the trial court's decision to impose more than a minimum sentence and labels the trial court's sentencing decision an abuse of discretion. Appellant's counsel, at oral argument, confirmed that Appellant has already served his term of incarceration and has been released. Because this assignment of error deals only with the length of his sentence, and he has served his prison term in full, the issue is moot and the assignment of error overruled. *State v. Verdream*, 7th Dist. No. 02 CA 222, 2003-Ohio-7284, ¶14.

**{51}** In conclusion, we find no error in the court's admission of the testimony of Appellant's ex-girlfriend relating to his confession to other catalytic converter thefts.

The testimony established a common scheme and does not merely constitute prohibited evidence of prior bad acts. The record also establishes the sufficiency and manifest weight of the evidence in favor of the conviction. Appellant's assignment of error regarding the length of his sentence is moot because he has already served his sentence in full. We overrule Appellant's three assignments of error and affirm the judgment of the trial court in full.

Donofrio, J., concurs.

DeGenaro, J., concurs.