[Cite as *State v. Lee*, 2021-Ohio-1158.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
CARROLL COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

GARY D. LEE, JR.,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 20 CA 0941**

---

Criminal Appeal from the
Court of Common Pleas of Carroll County, Ohio
Case No. 19 CR 6408

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed in part, Reversed and Vacated in part, and Remanded.

---

*Atty. Steven D. Barnett*, Carroll County Prosecutor and *Atty. Michael Roth*, Chief Assistant Prosecuting Attorney, 7 East Main Street, Carrollton, Ohio 44615 for Plaintiff-Appellee and

*Atty. Aaron Kovalchik,* 116 Cleveland Avenue, North West, Suite 808, Canton, Ohio 44702, for Defendant-Appellant.

Dated: March 31, 2021

**D'APOLITO, J.**

{¶1} Appellant, Gary D. Lee, Jr. appeals his conviction for two counts of pandering sexually oriented matter involving a minor, in violation of R.C. 2907.322(A)(6), felonies of the second degree ("importing convictions"), following a jury trial in the Carroll County Court of Common Pleas. Appellant also appeals his conviction for two counts of pandering obscenity involving a minor, in violation of R.C. 2907.321(A)(5), felonies of the third degree[1] ("possession convictions"), which were merged with the importing convictions at the sentencing hearing.

{¶2} Appellant challenges both the sufficiency and the weight of the evidence offered at trial to support his convictions. He argues that the evidence offered to show that one of the images at issue in this appeal depicts a minor, as that term is defined by R.C. 2907.01(M), was based on speculation. He further argues that the state failed to establish that he viewed the two images at issue in this appeal or that he was aware that the images were stored on the micro-SD card of which he conceded ownership. Finally, Appellant argues that the state failed to identify the source of the images or demonstrate that Appellant brought or caused to be brought the images into the state of Ohio.

{¶3} Having reviewed the record, we find that there is sufficient evidence to support Appellant's possession convictions and the jury did not lose its way in convicting Appellant of the possession crimes based on the age of girl in the second image. We likewise find that there is sufficient evidence and the jury did not lose its way in convicting Appellant based on the knowledge element of the possession crimes due to his admitted ownership of the storage card. However, as the state offered no evidence to establish that Appellant brought or caused to be brought into the state of Ohio the two images at issue in this appeal, Appellant's importing convictions are reversed and vacated, the state

---

[1] A violation of R.C. 2907.321(A)(5) is a felony of third degree "[i]f the offender previously has been convicted of or pleaded guilty to a violation of section [R.C. 2907.321 .322 or .322]. R.C. 2907.321(D). There was a presentence report prepared but it is not in the record. The record does not establish that Appellant fulfills the requirement set forth in subsection (D), but no objection was made to the charges in the indictment, the jury charge, or his convictions. In imposing consecutive sentences, the trial court relied on Appellant history of criminal conduct.

Case No. 20 CA 0941

is prohibited from any further prosecution of the importing charges, and this matter is remanded for resentencing on the possession convictions.

## FACTS AND PROCEDURAL HISTORY

**{¶4}** On September 29, 2020, the trial court issued a judgment entry in conformance with App. R. 9(D)[2], which incorporates a jointly-submitted statement of facts regarding the jury trial and the sentencing hearing. The following facts are taken from the September 29 judgment entry.

**{¶5}** Three witnesses testified on behalf of the state at the jury trial held on January 27, 2020: Captain Troy Watson and Lieutenant Charles Saler of the Carroll County Sheriff's Office, and Clairice Cowgill, a computer forensic specialist with the Bureau of Criminal Investigation in the Office of the Ohio Attorney General.

**{¶6}** On April 3, 2019, the Carroll County Sheriff's Department executed a search warrant for electronic devices, computer equipment, and storage devices at a residence owned by Appellant's mother and step-father. Appellant resided in the basement of the home.

**{¶7}** The search yielded a micro-SD card with 10,657 images, which was found "in a metal box in a desk in the Defendant's living area and among his other personal items." (9/29/20 J.E., p. 3.) A second search warrant was secured for the contents of the micro-SD card. Appellant conceded during an interview with police that the micro-SD card belonged to him.

---

[2] App. R. 9(D), captioned "Agreed Statement as the Record on Appeal," reads, in relevant part:

(1) In lieu of the record on appeal as defined in division (A) of this rule, the parties, no later than ten days prior to the time for transmission of the record under App.R. 10, may prepare and sign a statement of the case showing how the issues raised in the appeal arose and were decided in the trial court and setting forth only so many of the facts averred and proved or sought to be proved as are essential to a decision of the issues presented. If the statement conforms to the truth, it, together with additions as the trial court may consider necessary to present fully the issues raised in the appeal, shall be approved by the trial court prior to the time for transmission of the record under App.R. 10 and shall then be certified to the court of appeals as the record on appeal and transmitted to the court of appeals by the clerk of the trial court within the time provided by App.R. 10.

{¶8}    Captain Watson and Lieutenant Saler spent two to three days examining the contents of the micro-SD card, due to the voluminous number of images on the card. Other than the two images charged in the indictment, the remaining contents of the micro-SD card are not in the record, as the trial court sustained a motion in limine filed by Appellant to prohibit the state from publishing any other images on the micro-SD card to the jury.

{¶9}    Counts two through five of the indictment[3] were predicated upon two images found on the card:  The first is a male toddler with his hand inside of a woman's sheer panties on her pubic region.  The second is "an Asian girl who appear[s] to between the ages of 12-14 involved in a sex act with an adult." (*Id.,* p. 4.)  Both images were admitted into evidence at the trial.

{¶10}  The state's witnesses conceded that they were unable to identify the origin of either image or the actual age of the girl in the second image, and could not determine whether Appellant ever viewed the images or was aware that they were among the 10,000-plus images on the card.  Captain Watson conceded that he "guessed" the age of the girl in the second image.  Further, the only averment relating to the importing element of R.C. 2907.322(A)(6) is that "the [state's] rebuttal [during closing argument] was that it was *likely* that the [images] where [sic] taken from the internet and placed on the SD card."  (Emphasis added) (*Id.,* p. 7.)

{¶11}  Appellant moved for dismissal of the charges pursuant to Civil Rule 29 at the conclusion of the state's case. Appellant argued that the state had failed to offer evidence of the actual age of the girl in the second image.  Appellant further argued that

---

[3] The first count of the indictment charged Appellant with importuning, in violation of R.C. 2907.07(A), a felony of the third degree, with an offense date of October 31, 2017.  Because the importuning charge was predicated upon a separate and unrelated occurrence, the first count of the indictment was severed from the remaining counts.  Appellant pleaded guilty to the importuning charge on February 25, 2020, after he was convicted and sentenced of the charges at issue in this appeal.

Appellant was sentenced on the importuning conviction on March 2, 2020 to twelve months of incarceration to run concurrent with his sentence in this case. The trial court further adjudged Appellant to be a Tier One (I) Sexually Oriented Offender.  Appellant's conviction and sentence for importuning are not the subject of this appeal.

no evidence had been offered to show that Appellant brought or caused to be brought the images into the state of Ohio. The trial court overruled the Rule 29 motion.

{¶12} The jury convicted Appellant on all of the counts. On February 7, 2020, the trial court merged the possession convictions, with the importation convictions, then imposed two non-life felony indefinite prison terms of five years for each importing conviction, to be served consecutively, and a maximum term of twelve and a half years, for an aggregate minimum term of ten years, and an aggregate maximum term of twelve and a half years. Appellant was adjudged a Tier Two (II) Sexually Oriented Offender. This timely appeal followed.

## ASSIGNMENT OF ERROR NO. 1

**APPELLANT'S CONVICTIONS WERE AGAINST THE SUFFICIENCY OF THE EVIDENCE.**

## ASSIGNMENT OF ERROR NO. 2

**APPELLANT'S CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.**

{¶13} "Sufficiency of the evidence is a legal question dealing with adequacy." *State v. Pepin-McCaffrey*, 186 Ohio App.3d 548, 2010-Ohio-617, 929 N.E.2d 476, ¶ 49 (7th Dist.), citing *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). "Sufficiency is a term of art meaning that legal standard which is applied to determine whether a case may go to the jury or whether evidence is legally sufficient to support the jury verdict as a matter of law." *State v. Draper*, 7th Dist. Jefferson No. 07 JE 45, 2009-Ohio-1023, ¶ 14, citing *State v. Robinson*, 162 Ohio St. 486, 124 N.E.2d 148 (1955).

{¶14} To discharge the state's burden when prosecuting a criminal offense, "'probative evidence must be offered' on 'every material element which is necessary to constitute the crime.' " *State v. Billman*, 7th Dist. Monroe Nos. 12 MO 3, 12 MO 5, 2013-Ohio-5774, ¶ 8, citing *State v. Martin*, 164 Ohio St. 54, 57, 128 N.E.2d 7 (1955). In a sufficiency review, a reviewing court does not determine "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support

a conviction." *State v. Rucci,* 7th Dist. Mahoning No. 13 MA 34, 2015-Ohio-1882, ¶ 14, citing *State v. Merritt,* 7th Dist. Jefferson No. 09 JE 26, 2011-Ohio-1468, ¶ 34. If there is insufficient evidence to support a conviction, retrial is barred. *State v. Brewer,* 121 Ohio St.3d 202, 2009-Ohio-593, 903 N.E.2d 284, ¶ 16-20.

**{¶15}** This is distinct from a review of the manifest weight of the evidence, which focuses on the state's burden of persuasion. *Id.* A reviewing court "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Thompkins* at 387, quoting *State v. Martin,* 20 Ohio App.3d 172, 175, 484 N.E.2d 717 (1st Dist.1983). A reversal should be granted only "in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Andric,* 7th. Dist. Columbiana No. 06 CO 28, 2007-Ohio-6701, ¶ 19, citing *Martin* at 175.

**{¶16}** Appellant appeals his conviction for two counts of pandering sexually oriented matter involving a minor (importing convictions). The statute reads, in pertinent part:

> (A) No person, with knowledge of the character of the material or performance involved, shall do any of the following:
>
> * * *
>
> (6) Bring or cause to be brought into this state any material that shows a minor or impaired person participating or engaging in sexual activity, masturbation, or bestiality * * *.

**{¶17}** Appellant also appears to challenge his convictions for two counts of pandering obscenity involving a minor (possession convictions). That statute reads, in pertinent part:

> (A) No person, with knowledge of the character of the material or performance involved, shall do any of the following:
>
> * * *

(5) Buy, procure, possess, or control any obscene material, that has a minor or impaired person as one of its participants * * *

{¶18}  A minor is a person under age 18.  R.C. 2907.01(M).

## AGE OF THE GIRL IN THE SECOND IMAGE

{¶19}  Appellant argues that the state failed to offer any evidence to establish the actual age of the girl in the second image, as Captain Watson admitted that his testimony regarding her age was speculative.  Appellant's challenge based on the girl's age applies to the possession and importing charges predicated on the second image.

{¶20}  R.C. 2907.321(B)(3) and 2907.322(B)(3) read, in their entirety, "[i]n a prosecution under this section, the trier of fact may infer that a person in the material or performance involved is a minor * * * if the material or performance, through its title, text, visual representation, or otherwise, represents or depicts the person as a minor * * *."

{¶21}  In *State v. Tooley*, 114 Ohio St.3d 366, 2007-Ohio-3698, 872 N.E.2d 894, the Ohio Supreme Court held that the state must prove all of elements of R.C. 2907.322(A)(5) beyond a reasonable doubt, including that a real child is depicted, to support a conviction for possession of child pornography under either R.C. 2907.322 or 2907.323.  *Id.* at paragraph three of the syllabus. The Ohio Supreme Court further held that the permissive inference of subsection (B)(3) does not render R.C. 2907.322(A)(5) unconstitutionally overbroad by equating virtual pornography, which is protected under the First Amendment, with pornography that involves real children, which is not. *Id.* at paragraph one of the syllabus.

{¶22}  The *Tooley* Court opined:

The permissive inference under Ohio's statute * * * simply allows what the common law has always permitted; that is, it allows the state to prove its case with circumstantial evidence. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492. * * * The permissive inference under R.C. 2907.322(B)(3) is not an addition to the definition of "child pornography," but is merely an evidentiary tool.

Case No. 20 CA 0941

\* \* \*

> R.C. 2907.322(B)(3) merely permits, and does not require, a fact-finder to infer from circumstantial evidence the age of the person in an image. The state still must prove all elements beyond a reasonable doubt, including that a real child is depicted, to support a conviction for possession of child pornography under R.C. 2907.322. In a state prosecution, the inference will not override the actual content of the image. If the evidence establishes that the defendant possessed an image generated without the use of a child, the defendant should be acquitted. Despite any appearance or representation, if no actual minor is depicted, there is no violation of R.C. 2907.322.

*Id.* at ¶ 33, 35.

**{¶23}** The image of the girl was offered by the state as circumstantial evidence of her age. Having viewed the image, we find that there was sufficient evidence in the record to support Appellant's possession and importation charges based on the age of the girl in the second image. We further find that the jury could have inferred from the image that the girl was a minor, and, therefore, Appellant has failed to show that the jury lost its way in convicting him on the possession and importing charges based on the age of the girl in the second image. Accordingly, we find that Appellant's assignments of error, to the extent that they are predicated upon the age of the girl in the second image, have no merit.

## POSSESSION OR CONTROL ELEMENT

**{¶24}** Next, Appellant contends that the state failed to offer any evidence that he had knowledge of the content of the images. Appellant's challenge based on his knowledge of the content of the images applies to all four of his convictions.

**{¶25}** R.C. 2907.321(A) and R.C. 2907.322(A) both read, in relevant part, "[n]o person, with knowledge of the character of the material \* \* \*, shall do any of the following." Therefore, Appellant's knowledge of the content of the images is an essential element of all of his convictions.

**{¶26}** There is no direct evidence to establish that Appellant knew that the images contained child pornography. However, circumstantial evidence inherently possesses the same probative value as direct evidence. *State v. Treesh*, 90 Ohio St.3d 460, 485, 739 N.E.2d 749 (2001). Moreover, "[a] conviction can be sustained based on circumstantial evidence alone." *State v. Franklin*, 62 Ohio St.3d 118, 124, 580 N.E.2d 1 (1991). This is especially true with regard to the element of intent. *State v. Kalna*, 7th Dist. Mahoning No. 18 MA 0133, 2020-Ohio-5016, ¶ 48.

**{¶27}** "A person has knowledge of circumstances when he is aware such circumstances probably exist." R.C. 2901.22(B). "When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact." *Id.* As the element of intent dwells in a person's mind, it must be gathered from the surrounding facts and circumstances. *State v. Chamberlain*, 7th Dist. Jefferson No. 19 JE 0007, 2020-Ohio-3583, ¶ 15.

**{¶28}** Other than Appellant's ownership of the micro-SD card, the state offered no other evidence to demonstrate that Appellant was aware of the content of the images. The state argues that the images were saved on the micro-SD card, and, based upon Appellant's admitted ownership of the card, he must have saved the images to the card.

**{¶29}** In *State v. Duhamel*, 8th Dist. Cuyahoga No. 102346, 2015-Ohio-3145, ¶ 33, Duhamel argued that there was no evidence that he knew any of the internet files referenced in the indictment contained child pornography. Duhamel predicated his argument upon the testimony of detectives, who stated that the file sharing program used by Duhamel did not allow him to determine the contents of a file with certainty before downloading it, because files cannot be opened until after they have been downloaded. The offending files were found on the defendant's computer, as well as on several external hard drives and a USB drive.

**{¶30}** The Eighth District relied on circumstantial evidence to conclude that Duhamel's convictions were supported by sufficient evidence to survive a Rule 29 motion, as well as supported by the manifest weight of the evidence. The Eighth District reasoned:

In the video of the search of Duhamel's home, Duhamel is seen explaining to police where child pornography may be found. Duhamel also admitted he was familiar with certain search terms that locate child pornographic files. He explained that the search term "pthc" refers to "preteen hardcore," and that "raygold" refers to pornographic material involving nine-year old girls. The video shows that Duhamel had both knowledge and experience locating child pornography.

* * *

The jury returned guilty findings only on those counts where the file had a descriptive title that described the file's contents and acquitted him of all counts related to files with non-descriptive titles. The jury's findings comport with the statutory definition of "knowledge" because the file titles indicated they likely contained child pornographic material. They also included specific search terms with which Duhamel was familiar.

Further, the jury found that Duhamel possessed at least 28 files of child pornographic material. Possession of such a large number of downloaded child pornography files cannot be a coincidence, especially since most of the files had titles indicative of child pornography. Duhamel transferred the files to external hard drives and saved them in separate folders that he categorized and named according to the type of files contained therein. Many of the same files were saved on more than one hard drive. The fact that Duhamel categorized a large number of pornographic files into separate folders further demonstrates his knowledge of the material.

Moreover, Duhamel confessed to police during the execution of the search warrant that he possessed illegal files. This confession shows he had knowledge of the contents of his files. (Tr. 425.)

*Id.* at 35, 37-39.

**{¶31}** In *State v. Rubin,* 8th Dist. Cuyahoga No. 106333, 2018-Ohio-3052, the defendant argued that the state failed to present sufficient evidence that he "knew what the material was when it was downloaded and thus 'created' on his computer or when it was transferred/disseminated to other users on the file sharing network." Rubin further claimed that there was no evidence that he actually "accessed" the files because the file sharing software automatically "shares all files downloaded once the setting is enabled or disabled." *Id.* at ¶ 25. In addition to the files on Rubin's computer, a search of his home yielded an external hard drive and a USB drive with hundreds of child pornography images. Id. at ¶ 14.

**{¶32}** In sustaining Rubin's convictions, the Eighth District opined:

> The state presented evidence regarding the titles of the files found on Rubin's computer, which included many common child pornography terms. In fact, Rubin had hundreds of child pornography images and videos on his laptop, an external hard drive, and a storage device. In fact, the state established that Rubin had been downloading and sharing child pornography files since 2008. The names of many of the files included common child pornography terms, such as "PTHC" for "preteen hardcore."

> There were also videos being downloaded at the time of the search with the titles "Evelyn 12YO Evelyn 2010" and "PTHC 2009 New Brianna Jesse." Investigator Frattare explained that "YO" meant "years old." The state further presented evidence of Rubin's searches in the E-Mule program, which included many common child pornography search terms.

> Indeed, it is mystifying to us that Rubin can claim that he was not aware of the content of the child pornography files when the state presented evidence that he entered search terms in his E-Mule program such as "Nastia Mouse," a known term for female infants to prepubescent girls in various states of nudity, and "PTHC," a term for "preteen hardcore." One would not enter these terms unknowingly. Because the many files on

Rubin's computer contained these and similar common child pornography terms, the same reasoning applies.

Thus, construing the evidence in a light most favorable to the state, a rational trier of fact could conclude that Rubin had knowledge of the content of the images and videos.

*Id.* at ¶ 27-29.

**{¶33}** Although there is no evidence that the images at issue in this appeal had file names containing terms common to child pornography or that they were downloaded from Appellant's computer, we find nonetheless that there was sufficient evidence in the record from which the jury could infer Appellant's knowledge of the content of the images. A micro-SD card is a storage device. When a micro-SD card is purchased, the device is free of any content, as the very purpose of the device is to store data and/or images. As a consequence, we find that the jury could infer from the nature of a micro-SD card and Appellant's admitted ownership of the device that he had knowledge of its contents, regardless of the number of images stored on the micro-SD card at issue. Accordingly, we find that Appellant's assignments of error, to the extent that they are predicated upon the state's failure to offer sufficient evidence of his knowledge of the content of the images, have no merit. As a result, Appellant's possession convictions are affirmed.

## IMPORTING ELEMENT

**{¶34}** Finally, Appellant argues that the state offered no evidence to establish that he brought or caused to be brought the images into the state of Ohio. Although there is no caselaw directly on point, it can be gleaned from the Ohio Supreme Court's decision in *State v. Maxwell*, 95 Ohio St.3d 254, 2002-Ohio-2121, 767 N.E.2d 242, that the state must prove beyond a reasonable doubt that Appellant brought or caused to be brought the images into Ohio.

**{¶35}** Maxwell downloaded obscene images onto his computer. While he conceded that he knew the images were obscene, he argued that he did not know that he was downloading them from a computer system in another state, thereby importing the images into Ohio. The testimony at Maxwell's trial established that he downloaded

Case No. 20 CA 0941

the images from America Online, an internet service provider, and that all America Online traffic passes through the company's servers in Virginia.

**{¶36}** The *Maxwell* Court found that the statute imposed strict liability on the importing element. The Ohio Supreme Court cited *State v. Wac*, 68 Ohio St.2d 84, 86, 428 N.E.2d 428 (1981), for the rule of law that where the General Assembly indicates a mental state in one part of a statute, and does not indicate any mental state in another part of that statute, that indicates an intent to impose strict liability in that other part. *Maxwell* at ¶ 27–29.

**{¶37}** The *Maxwell* Court reasoned that the knowledge element of R.C. 2907.321(A) was separated out in order to apply only to "the character of the material or performance involved," noting that "knowledge is a requirement only for the discrete clause within which it resides." *Id.*, 95 Ohio St.3d 254, 2002-Ohio-2121, 767 N.E.2d 242, ¶ 29. Since knowledge was required in one part of the statute and not in the other, the *Maxwell* Court determined that the General Assembly intended to impose strict liability in the subsection of the statute without the knowledge requirement. *Id.* at ¶ 30. In other words, the Court held that the language of R.C. 2907.321(A)(6) plainly demonstrated the General Assembly's intent to impose strict liability with respect to the importation element. The importing element in R.C. 2907.321(A)(6) is virtually identical to the same element in R.C. 2907.322(A)(6) at issue in this appeal.

**{¶38}** Therefore, it can be ascertained from the Ohio Supreme Court's decision in *Maxwell,* that although the state need not prove that Appellant had knowledge that he imported the images into the state of Ohio, the state must, nonetheless, prove that the images were brought or caused to be brought into the state of Ohio by Appellant. Appellant correctly argues that the state failed to offer any evidence of the origin of the images, and, as a result, there is insufficient evidence regarding the importing element of R.C. 2907.322(A)(6).

**{¶39}** The only reference to the state's burden on the importing element in the joint statement of facts is the state's argument in closing that the images were "probably" downloaded from the internet. The state writes in its brief:

> [A] reasonable jury can conclude from the facts and circumstances
> presented that the photographs in question were brought into the state of

Ohio. First, the SD card and its contents were found in [Appellant's] residence in his living area, which was clearly established to be in Carroll County. Further, the jury heard testimony from the detectives as well as the BCI analysis that the SD card was an electronic storage device. Because the photos were electronically stored, a reasonable jury could infer those photographs were electronically obtained from the internet or some other electronic source originating in the online or electronic world. "Online child pornography (or any other electronic image) is typically received and viewed via email, downloading, or file sharing, or viewed on an Internet website." *U.S. v. Kelley*, 482 F.3d 1047, 1055-56 (9th Cir. 2007)(Thomas, J. dissenting). The jury, therefore, was in a reasonable position to view the photographs, to hear the evidence of the format they were stored in, to hear they were in Appellant's possession, and draw any reasonable inference from those facts and how those images came to the Appellant's possession.

(internal citations to the record omitted) (Appellee's Brf., p. 15.)

**{¶40}** Here, the state offered no evidence from which the jury could infer that the images were downloaded from a server outside of the state of Ohio. Therefore, we find that Appellant's assignments of error predicated upon the importing element have merit, that is, we find that there is insufficient evidence in the record to establish the importing element of Appellant's R.C. 2907.322(A)(6) convictions. Accordingly, Appellant's importing convictions are reversed and vacated and he is discharged from further prosecution on the importing charges.

## CONCLUSION

**{¶41}** In summary, we find that the Appellant's assignments of error predicated upon the age of the girl in the second image and his knowledge of the contents of the images on the micro-SD card are not well taken. There is sufficient circumstantial evidence in the record from which the jury could infer that the girl in the second image was a minor, and that Appellant knew the contents of the images on the micro-SD card

based upon his ownership of the storage device. Accordingly, Appellant's convictions for the possession crimes are affirmed.

**{¶42}** With respect to the importing convictions, we find that there is insufficient evidence in the record to establish the importing element of Appellant's R.C. 2907.322(A)(6) convictions, and, as a consequence, Appellant's importing convictions are reversed and vacated and he is discharged from further prosecution on the importing charges. Finally, insofar as we have affirmed Appellant's possession convictions, this matter is remanded for resentencing by the trial court on the possession convictions.

Donofrio, P.J., concurs.

Robb, J., concurs.

---

For the reasons stated in the Opinion rendered herein, it is the final judgment and order of this Court that Appellant's convictions for importing are reversed and vacated. Appellant's convictions for possession are affirmed and this matter is hereby remanded to the Court of Common Pleas of Carroll County, Ohio for resentencing on the possession crimes. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**