[Cite as *State v. Wright*, 2024-Ohio-5905.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

STEVEN D. WRIGHT,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 24 CO 0020

---

Criminal Appeal from the
Municipal Court of Columbiana County, Ohio
Case No. 2022 CRB 001796

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Vito J. Abruzzino*, Columbiana County Prosecutor, and *Atty. Shelley M. Pratt,* Assistant Prosecutor, for Plaintiff-Appellee

*Atty. Christopher P. Lacich*, Roth Blair, for Defendant-Appellant

Dated: December 13, 2024

---

**WAITE, J.**

{¶1} Appellant Steven D. Wright appeals his conviction and sentence on one count of disorderly conduct, a minor misdemeanor. Appellant argues that the bench trial conviction was based on insufficient evidence and was against the manifest weight of the evidence.

{¶2} Appellant's arguments are not persuasive and are not supported by the record. His assignment of error is overruled and his conviction and sentence are affirmed.

Facts and Procedural History

{¶3} On September 24, 2022 J.S. stepped outside her home in Independence Square in Wellsville, Ohio. It was approximately 8:40 p.m. She had walked outside so that a neighbor of hers, Mr. James Watson, could show her a Special Forces military ring that he owned. Immediately after stepping outside of her house, her next-door neighbor, Appellant Steven Wright, began yelling at her and threatening her. At this time, he was approximately five feet away from J.S. J.S. told Watson that Appellant had been following her. She became fearful, started crying, and immediately reentered her house, where she called the police.

{¶4} Officer Alex Yourex of the Wellsville Police Department responded to the call. He spoke to several witnesses, who stated that Appellant was yelling and had been following J.S. When he spoke with J.S., who told him about the incident, she said she was concerned about her safety and that because of Appellant's actions she was afraid to leave her house. Appellant refused to give a statement to Officer Yourex, but was not arrested at that time.

**{¶5}** On November 22, 2022, a complaint was filed against Appellant in the Columbiana County Municipal Court for menacing in violation of R.C. 2903.22(A), a fourth degree misdemeanor. A bench trial took place on April 30, 2024. At the beginning of the trial the prosecutor moved to have the charge reduced to the lesser included offense of disorderly conduct, and trial proceeded on the amended charge. The state called three witnesses: J.S., James Watson, and Officer Yourex. Appellant testified in his own defense and also called his sister, Penny Olmstead, as a witness. Ms. Olmstead testified only as a character witness, as she was not present when the crime occurred. The state's witnesses testified about the circumstances of the crime: that Appellant was yelling and making threats; that J.S. was fearful, upset, and crying; and that she was afraid to leave her house after the incident. J.S. testified that Appellant came out of his door yelling and making threats, causing her to fear for her safety, and Appellant was only a few feet away from her at the time. Appellant denied threatening J.S., but he admitted to raising his voice, claiming that he was frustrated with her, and that tensions between the two of them had "boiled up." The court found Appellant guilty of disorderly conduct and sentenced him to a $150 fine. This timely appeal followed. Appellant raises one assignment of error on appeal.

ASSIGNMENT OF ERROR

THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED IN DENYING THE DEFENDANT-APPELLANT'S CRIMINAL RULE 29 MOTION AND/OR THE VERDICT CONVICTING THE DEFENDANT-APPELLANT WAS BASED ON LEGALLY INSUFFICIENT EVIDENCE OR

Case No. 24 CO 0020

WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND MUSE BE REVERSED AS A MATTER OF LAW.

{¶6}   Appellant contends that his conviction for disorderly conduct was based on insufficient evidence and was against the manifest weight of the evidence.  These are distinct but related legal concepts.  "Sufficiency of the evidence is a legal question dealing with adequacy."  *State v. Pepin-McCaffrey*, 2010-Ohio-617, ¶ 49 (7th Dist.), citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).  "Sufficiency is a term of art meaning that legal standard which is applied to determine whether a case may go to the jury or whether evidence is legally sufficient to support the jury verdict as a matter of law."  *State v. Draper*, 2009-Ohio-1023, ¶ 14; (7th Dist.); *Thompkins* at 386.  When reviewing a conviction for sufficiency of the evidence, a reviewing court does not determine "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction."  *State v. Rucci*, 2015-Ohio-1882, ¶ 14 (7th Dist.), citing *State v. Merritt*, 2011-Ohio-1468 ¶ 34 (7th Dist.).

{¶7}   In reviewing a sufficiency of the evidence argument, the evidence and all rational inferences are evaluated in the light most favorable to the prosecution.  *State v. Goff*, 82 Ohio St.3d 123, 138 (1998).  A conviction cannot be reversed on the grounds of sufficiency unless the reviewing court determines that no rational juror could have found the elements of the offense proven beyond a reasonable doubt.  *Id.*

{¶8}   Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other."  (Emphasis deleted.)  *Thompkins* at 387.  The appellate court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses,

and determines whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. *State v. Lang*, 2011-Ohio-4215, ¶ 220, citing *Thompkins* at 387. "[T]he weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." *State v. Hunter*, 2011-Ohio-6524, ¶ 118, quoting *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus.

{¶9} Again, while Appellant was originally charged with menacing, at trial the prosecutor amended the charge to the lesser included offense of disorderly conduct. A violation of R.C. 2917.11(A)(1) is a minor misdemeanor, which provides: "No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following: (1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior[.]" The elements of disorderly conduct, as it relates to this case, are:

1. recklessly;

2. causing inconvenience, annoyance or alarm;

3. to another person;

4. under one of the following conditions:

    a) by engaging in fighting;

    b) by threatening harm to persons or property;

    c) by violent or turbulent behavior.

{¶10} Stated another way, there are three main ways that a violation of (A)(1) can occur: (a) by recklessly causing inconvenience, annoyance or harm by engaging in fighting; (b) by recklessly causing inconvenience, annoyance or harm by threatening harm

Case No. 24 CO 0020

to persons or property; or (c) by recklessly causing inconvenience, annoyance or harm by violent or turbulent behavior.

**{¶11}** "The word turbulent, in the context of Ohio's disorderly conduct statute, refers to tumultuous behavior or unruly conduct characterized by violent disturbance or commotion." *State v. Reeder*, 18 Ohio St.3d 25, 27 (1985).

**{¶12}** Appellant's first contention regarding sufficiency of the evidence is not actually a valid argument, because he begins by stating that the state's witnesses were not consistent in their testimony and were not credible. "Credibility goes to the weight of the evidence, not sufficiency." *State v. Bennett*, 2023-Ohio-4739, ¶ 7 (7th Dist.). Hence, Appellant's only argument addresses the weight, not the sufficiency, of the evidence. Nevertheless, we will briefly review the sufficiency of the evidence in this matter.

**{¶13}** Even a cursory examination of the evidence satisfies the sufficiency test. J.S. testified that Appellant yelled at her and threatened her. She was alarmed, nervous, and fearful of Appellant based on this behavior. Appellant's behavior caused her to retreat back into her residence, and she was afraid to leave it again. James Watson also heard Appellant threaten J.S. Watson testified that Appellant's actions made J.S. cry and flee back inside her apartment. Watson testified Appellant said: "I'll get you guys." (4/30/24 Tr., p. 23.) Officer Yourex also testified that several witnesses told him Appellant was making threats, yelling, following J.S., and that J.S. could not leave her home due to Appellant's behavior. J.S. reported to Officer Yourex that Appellant made her concerned for her safety and that she was fearful of him. The trial court noted that J.S. was a frail, 65-year-old woman, and Appellant is a young man in apparent good health. This evidence satisfies the second and third prongs of disorderly conduct, as it supports finding

Appellant engaged in threatening harm to a person, and exhibited violent or turbulent behavior.

**{¶14}** The real focus of Appellant's argument claims that the conviction is against the manifest weight of the evidence. Appellant believes his testimony and that of his sister, Penny Olmstead, was more credible than the testimony of the state's witnesses. Olmstead was not present when the crime occurred, so it is not clear what relevance her testimony may have had, other than as a character witness. Hence, it is clear Appellant's entire argument is that he should have been believed over the state's three witnesses.

**{¶15}** Appellant testified that J.S. and his other neighbors harassed him first, and called him a pedophile. He opined that everything James Watson said was a lie. (4/30/24 Tr., 43.) Appellant admitted that he raised his voice, just as the other witnesses testified: "Oh, I have raised my voice." (4/30/24 Tr., p. 43.) He stated that most of his neighbors did not like him because he would record them (including their children) on his cell phone. Appellant played two cell phone video clips at trial, but they were not recordings of the incident at issue. He admitted that there was a great deal of tension between J.S. and himself, and that tensions between them had "boiled up." (4/30/24 Tr., p. 36.) He testified that, on the night of the crime, he was "frustrated" with J.S. (4/30/24 Tr., p. 42.) He admitted engaging with J.S. the night of crime, but denied making threats to her.

**{¶16}** For the most part, Appellant's testimony bolsters, rather than contradicts, the other evidence. Appellant's anger and frustration toward his neighbors, and towards J.S. in particular, was very evident. He apparently believed he would be acquitted if he could show that his neighbors, including J.S., were antagonistic toward him and called him names. He admitted he was loud, and was frustrated with the victim, and that he

spoke to her on September 24, 2022, just as the victim testified. The trier of fact, which in this case was the trial judge, was free to believe or disbelieve any witness. *State v. Ward*, 2011-Ohio-3183, ¶ 31 (7th Dist.). It is apparent that the trial judge could actually have believed most of Appellant's testimony and still have convicted him of the crime. The trial court apparently believed the state's witnesses were more credible than Appellant and as the trier of fact in a bench trial, it was within the trial judge's purview to determine credibility issues.

{¶17} The record contains sufficient evidence to establish the elements of disorderly conduct, and the weight of the evidence supports the conviction. Appellant's assignment of error is overruled.

## Conclusion

{¶18} Appellant argues that the state did not sufficiently prove the elements of disorderly conduct and that the conviction was against the weight of the evidence. Three witnesses testified that Appellant yelled threats at his neighbor, that she was fearful and forced to retreat into her house, and that she was afraid to come back out. Although Appellant did not directly admit to the crime, he did testify that he was loud and that he had a history of antagonism with his neighbor. The record fully supports both the sufficiency and the manifest weight of the evidence. Appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.

Robb, P.J. concurs.

Dickey, J. concurs.

Case No. 24 CO 0020

[Cite as *State v. Wright*, **2024-Ohio-5905**.]

---

For the reasons stated in the Opinion rendered herein, Appellant's assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Columbiana Municipal Court of Columbiana County, Ohio, is affirmed.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**